The JUNIOR COLLEGE DISTRICT OF
METROPOLITAN KANSAS CITY,
Missouri, et al., Respondents,

v.

Harold B. MAYSE, Jr., et al., Appellants.

No. 53518.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Dietrich, Tyler, Davis, Burrell & Dicus, William J. Burrell, Clarence H. Dicus, Arlyn D. Haxton, Kansas City, for respondents.

Cleo H. Muller, Muller & Muller, Kansas City, for appellants.

Hendren & Andrae, Alex Bartlett, Jefferson City, George B. Scott, Jr., and John D. Henson, Poplar Bluff, amicus curiae of Francis L. Ederer and others.

PRITCHARD, Commissioner.

This is a suit for declaratory judgment initiated by respondents in which they question the applicability of § 162.451, RSMo 1959 (Supp.1965), V.A.M.S., to a proposed election to dissolve The Junior College District of Metropolitan Kansas City, Missouri. The dispositive question is whether this court has appellate jurisdiction under Mo.Const.1945, Art. V, § 3, V. A.M.S. It is stated by appellants that this court has exclusive jurisdiction "as the respondent Junior College District is a political subdivision of the state of Missouri."

Reference was made in oral argument to the statutory provision authorizing the establishment of junior college districts, § 178.770, subd. 2, RSMo 1959, V.A. M.S. That section sets forth that "When a district is organized, it shall be a body corporate and *a subdivision of the state of Missouri * * ** and possess the same corporate powers as common and six-director school districts in this state * * *." It was suggested that the italicized statutory words, "a subdivision of the state of Missouri," grant appellate jurisdiction to this court. Of course, all appellate jurisdiction is controlled by the above-referenced constitutional provision, and a statutory modification of that provision could not validly be enacted except to the extent and in the manner provided in the Constitution. Trianon Hotel Co. v. Keitel, 350 Mo. 1041, 169 S.W.2d 891, 893[3]; United Bro. of Carpenters, Etc. v. Industrial Com'n, Mo., 352 S.W.2d 633, 634[2]. The statutory provision, supra, does not make a certain specified class for appellate jurisdiction to come within the constitutional provision of Art. V, § 3, above, "in other classes of cases provided by law." See

United Bro. of Carpenters, Etc. v. Industrial Com'n, supra. The determination of appellate jurisdiction here turns on whether the junior college district is a political subdivision within the constitutional provision, supra.

 In State ex rel. Consolidated School Dist. No. 2 et al. v. Ingram, 317 Mo. 1141, 298 S.W. 37, 38[4–7], it was stated that it has been uniformly held that a school district is not a "political subdivision" in the sense in which that term is used in the Constitution. See also Normandy Consol. School Dist. of St. Louis County v. Wellston Sewer Dist. of St. Louis County, Mo., 74 S.W.2d 621. In Koch v. Board of Regents, Etc., Mo., 256 S.W.2d 785, 788[5], it was held that Northwest Missouri State College is not a political subdivision of the state, and its Board of Regents as a legal entity or quasi-public corporation is not a "state officer." Although § 178.770, supra, states that junior college districts shall possess the same corporate powers as common school districts (so designated in § 162.721, subd. 2, RSMo 1959, V.A.M.S.), and as six-director school districts under § 162.311, RSMo 1959, V.A.M.S., such does not convert any of them into political subdivisions of the state for the purposes of appellate jurisdiction in this court under the long line of decisions in this state. See State ex rel. Kugler et al. v. Tillatson et al., Mo., 300 S.W.2d 517, 518[2], and cases cited.

Since there is no appellate jurisdiction here, the case is transferred to the Kansas City Court of Appeals.

BARRETT, C., concurs.

STOCKARD, C., not sitting.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.