STATE of Missouri, Plaintiff-Respondent,

v.

Arnold L. YOUNG, Defendant-Appellant.

No. KCD 27521.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

See also, Mo.App., 534 S.W.2d 590.

Austin F. Shute, Ronald J. Stites, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant was convicted by a jury of assault by means of a deadly weapon with intent to rob as proscribed by Section 559.-180 RSMo 1969. The charge was brought under the Second Offender Act, and the trial court sentenced the defendant to ten years imprisonment. This direct appeal is from that conviction and judgment.

Defendant raises issues as to identification procedures and testimony, the instruc-

tions given, and a claim that black jurors were systematically excluded. The conviction and judgment are affirmed.

The conviction was based on a December 29, 1973, occurrence at the Sears, Roebuck and Company store located on the Country Club Plaza in Kansas City, Missouri. Three men wearing stocking masks, one of them carrying a revolver and two of them carrying shotguns, went to the store's third floor. The man with the revolver demanded money from store employees while the other two men stood by with their shotguns. After a clerk told them no money was available, the man with the revolver left the third floor. Proceeding down the stairs, he met and passed Jack Corbitt, store security manager, as Corbitt was coming up the stairs. Corbitt was instructed to proceed on up the stairs, and one of the robbers with a shotgun forced him to the third floor. However, Corbitt watched as the man with the revolver proceeded down to the second floor and saw the man remove his mask just before going through a door.

Corbitt testified that he had "about a three-quarters view of his face" for about three seconds. At a lineup five days later and at defendant's trial, Corbitt identified the man he saw as the defendant. No other witness was able to identify defendant as the masked man with the revolver.

Defendant's principal assignment of error is the trial court's overruling of his "motion to suppress, objections to identification testimony, and after-trial motion." The claim is that pre-trial identification procedures were unnecessarily suggestive and conducive to irreparable mistaken identification. The State denies the lineup was improper. It also argues that defendant's claim is not preserved for review because he failed to obtain an adverse ruling on the motion to suppress, failed to allege with particularity the assigned error in his motion and failed to object to in-court identification of defendant at trial.

The procedures followed in the trial of this case, if countenanced by this court, would create staggering problems in the review of criminal cases. Because of the possibility that anything other than a direct discussion of these procedures might lead to an implication that they are permissible, the procedural background of this appeal will be fully developed.

A jury was selected and pre-trial matters were disposed of on May 14, 1974. Before commencement of trial the next morning, defendant's attorney offered his motion to suppress identification of defendant by Jack Corbitt, which in pertinent part reads:

"In support thereof it is asserted:

Said witness viewed Defendant under circumstances which suggested to him that defendant was the assailant, in violation of those principles announced by the United States Courts . . . .

The suggestion involved so tain[t]ed the identification as to cause any in court identification of Defendant to be in violation of his rights as protected by the Fourth, Fifth, Sixth and the due process clause of the Fourteenth Amendments.

WHEREFORE, it is prayed that the in court identification of Defendant by said witness be suppressed, as well as evidence of any identification made prior to trial."

The trial judge made no ruling, and the State and defense proceeded to trial without objection or comment. The motion simply appears in the transcript as filed.

When, in its opening statement, the State said defendant was identified by Mr. Corbitt at a lineup, the following exchange took place between the defense attorney and the judge.

"MR. SHUTE: Excuse me just a minute, Counsel.

(Counsel approached the bench and the following proceedings were had:)

MR. SHUTE: Your Honor, I would like just for the record to make an objection to any reference to a lineup, and would like that to be a continuing objection in line with my motion to suppress,

and the understanding between counsel and the Court that the motion will be considered with the case itself.

THE COURT: Very well, so understood."

When Corbitt testified and identified defendant as one of the assailants, defendant's counsel did not object to or comment in any manner about this in-court identification. Later, the following exchange occurred as the prosecutor questioned witness Corbitt:

"Q  (By Mr. Bressel) Have you ever had occasion to attend a line-up?

A  Yes, sir, I have.

MR. SHUTE: Your Honor, I am still preserving my objection.

THE COURT: Yes."

The witness went on to tell about the lineup at which he identified defendant. There was no ruling on the objection. Then, when a photograph of the lineup was admitted into evidence:

"MR. BRESSEL: At this time, your Honor, I would like to offer into evidence State's Exhibit No. 6.

MR. SHUTE: Subject to the previous objection, your Honor.

THE COURT: Yes, subject to your general objection?

MR. SHUTE: Yes, your Honor."

Finally, after defendant's motion for judgment of acquittal at the close of the State's evidence was offered and overruled, defendant's counsel orally "renewed" his "motion to suppress the in-court identification by Mr. Corbitt" on the grounds that the lineup was unfair. The court responded, "I will overrule that. I think that is for the jury to decide." The objection was again raised at the close of all the evidence on the additional ground "that Mr. Corbitt said he was basing his in-court identification on the line-up identification." (This allegation as to what Mr. Corbitt said is incorrect.)

In the motion for a new trial, the sustaining of the in-court identification, alleged to have been based on the lineup, was assigned as error. There is no claim that admission of evidence of pre-trial identification was error.

Procedurally, the status of defendant's two objections to identification is as follows. Objection to evidence that defendant was identified at a lineup was raised in the motion to suppress and during trial. There was no ruling on the trial objections. Overruling the objection was not assigned as error in the new trial motion.

Objection to in-court identification was raised in the motion to suppress and in after-trial motions for judgment of acquittal and in the motion for a new trial. But at the time the testimony was offered, no objection was made to the in-court identification evidence.

On this view of the record, defendant failed to obtain an adverse ruling on that part of his motion to suppress which related to admission of evidence that defendant was identified at the lineup. This factual situation is analogous to that in *State v. Chapman,* 365 S.W.2d 551 (Mo. 1963), where the court said that failure to seek a ruling on a request for an eye examination and announcing ready to go to trial "could properly be considered as an abandonment of the motion." Similarly, when the trial court did not rule on a request to discharge a jury, and defendant saved no objection to the failure to rule the point is lost. *Godsy v. Thompson,* 352 Mo. 681, 179 S.W.2d 44, cert. denied, 323 U.S. 719, 65 S.Ct. 48, 89 L.Ed. 578 (1944). Defendant's failure to obtain any ruling from the trial court on this part of his motion leaves no final determination for an appellate court to review, and the point must be considered abandoned. Moreover, the point is not preserved for review because it was not raised in the motion for new trial. *State v. Phelps,* 478 S.W.2d 304 (Mo.1972); *State v. Grey,* 525 S.W.2d 367 (Mo.App.1975); *State v. Alderman,* 498 S.W.2d 69 (Mo.App.1973).

■ That part of the motion to suppress which challenged the in-court identification finally was adversely ruled on when defendant raised the matter orally after his motions for judgment of acquittal. However, the objection was not preserved because when the in-court identification was made, defendant failed to object. *State v. Phelps,* supra; *State v. Caffey,* 457 S.W.2d 657 (Mo. 1970).

■ Although in the peculiar procedural setting of this case, the points raised on this appeal with respect to the identification issues may be resolved under settled procedural rules, the tactics here involved should be condemned for other reasons. If counsel had objected to the in-court identification testimony at the time it was offered, and if the motion for new trial had raised the issue of the admission of the evidence of pre-trial identification, this court would have been placed in the position of determining those issues upon the entire transcript of the trial. Such a practice could not be tolerated in view of the present workload upon appellate courts. In any event, the salutary purpose of requiring the trial court to focus upon issues relating to the request for suppression of evidence before trial to expedite trials would be totally thwarted if such procedures were followed. When a motion to suppress is filed, it should be ruled upon such evidence as the parties see fit to produce. In the instant case, if the trial court had sustained a motion to suppress at the close of the State's case, there would have been no alternative but a mistrial, thereby wasting the time and effort of selecting the jury and trying the case. The practice of taking such motions with the case should not be followed. Rule 33.03(a)(5).

■ Clearly, the identification at the lineup was not constitutionally flawed. There was substantial independent basis for Mr. Corbitt's identification. He saw defendant for three seconds from thirty feet under good light and within five days identified him at the lineup. Nor was the lineup suggestive. Even though defendant was older than the other three participants, all four of them were of similar height and weight. Three of them, including defendant, clearly had mustaches. The exhibit is before this court, and the defendant's great emphasis on age differential of the participants is not reflected in the photograph. The photo shows four black males with varying hair styles. As noted, the heights and weights are about the same, and there is nothing in the overall general appearance of the lineup to make it suggestive. The identifying witness had over eight years of experience as a law enforcement officer. He was security manager of the Sears store at the time he saw defendant. One would expect him to give attention to details in the circumstances under which he viewed defendant. His testimony at trial was detailed and unequivocal. Under these facts, the lineup was not improper. *State v. Britt,* 504 S.W.2d 38 (Mo.1973); *State v. Murphy,* 508 S.W.2d 269 (Mo.App.1974); *State v. Carson,* 501 S.W.2d 503 (Mo.App. 1973).

■ The next assignment of error challenges language used in Instruction No. 6. Defendant never brought the claimed error to the attention of the trial court. All that appears is a statement that he objected to all of the instructions and an allegation in the new trial motion "that the Court erred in giving Instructions 1 through 9, for the reason that they do not correctly state the law of the case." Thus, defendant's objection to the language of Instruction No. 6 is not preserved for review for failure to specify at trial or in the new trial motion the grounds of the alleged error. *State v. Rennert,* 514 S.W.2d 579 (Mo.1974); *State v. Parks,* 331 S.W.2d 547 (Mo.1960); and Supreme Court Rules 20.03 and 27.20(a).

Defendant argues a mistrial should have been granted because black jurors were systematically excluded from the jury panel. The record shows some objections and statements of counsel, but it contains no evidence of facts sufficient to establish a

**590**

prima facie case of systematic exclusion of black jurors. The point is ruled against defendant. *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975); *State v. Brown,* 527 S.W.2d 15 (Mo.App.1975); *State v. Kelly,* 506 S.W.2d 61 (Mo.App.1974).

Finally, defendant's counsel asks that points not briefed be considered. It is incredulous that defendant's counsel would make such a request after *State v. Brown,* supra, a case in which the same point was raised and ruled against a defendant who was represented by the same counsel representing the defendant in this case. The invitation to search for error on the basis of unbriefed allegations of the motion for new trial is declined.

Judgment affirmed.

All concur.