**STATE of Missouri, Respondent,**

**v.**

**Clifford N. HOLLAND, Appellant.**

**No. KCD 27776.**

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

J. Arnot Hill, James L. McMullin, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

The indictment charged defendant in two counts, the first being for forcible rape and the second being robbery in the first degree. The jury found defendant guilty on both counts and assessed his punishment at 70 years imprisonment on Count I and 5 years on Count II. The trial judge reduced the sentence to 25 years on Count I and 5 years on Count II, those sentences to run concurrently.

Defendant appeals on the sole ground that "[t]he trial court erred in failing to suppress the out of court identification made by the victim at a suggestive and fundamentally unfair lineup held by the Kansas City Police Department at police headquarters." In view of the limited issue so raised, only those facts will be summarized as are necessary to bring the legal question into focus.

About 7:30 a.m. on June 14, 1974, the prosecutrix was seized and dragged into an abandoned house. There she was assaulted, raped and robbed. Later that day at the hospital she described her assailant to the police as being a "Negro male in his twenties, six foot, two hundred pounds, large build, short black hair, brown eyes, dark complexion, wearing a white T-shirt and black slacks."

On July 1, 1974, when the prosecutrix was in an automobile with her father, she saw a man on the street whom she identified as the one who had assaulted her on June the 14th. The next day, July 2nd, she went with police detectives through the same area and again identified her assailant, whom the detectives then arrested. The one so arrested was the defendant. After the arrest, the prosecutrix was called to the police station later that day to witness a lineup, in which she again identified the defendant as her assailant.

At the trial the prosecutrix positively identified defendant as the one who raped and robbed her on June 14th. She also testified to having made an identification of defendant at the police station lineup on July 2, 1974.

Defendant does not challenge the in-court identification, but rather he confines his attack exclusively to the pretrial identification at the lineup. This attack is based on the ground that the lineup was unnecessarily suggestive and therefore fundamentally unfair because of the following factors: 1) of the five men in the lineup, defendant was much the heavier, he weighing 200 pounds while none of the others was over 150; 2) defendant was the only one of the five who was clean shaven; and 3) defendant was the only one of the five who was dressed in jail clothing.

■ Defendant's attack fails for a double reason. In the first place, although he did raise this issue by pretrial motion to suppress which was overruled, he omitted to make any objection at the trial itself when testimony on this point was introduced. Moreover, defendant's counsel engaged in extensive cross-examination with respect to the matter of the lineup and the prosecutrix's identification at that time. Because of this omission of any objection and the conducting of that cross-examination, any error with respect to this identification testimony has not been preserved for appellate review. *State v. Brownridge,* 459 S.W.2d 317 (Mo.1970); *State v. Franklin,* 448

S.W.2d 583 (Mo.1970); *State v. Ward,* 518 S.W.2d 333 (Mo.App.1975). See also *State v. Young,* Mo.App., 534 S.W.2d 585, being decided concurrently herewith.

In the second place, even if the lineup be regarded as so unbalanced as to be suggestive of defendant as the one to be selected, nevertheless that factor alone does not render the identification inadmissible. A factual situation very closely akin to the instant case was presented to the United States Supreme Court in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). In that case a rape victim testified to an out of court identification which had been made by her at a police station. That identification testimony was challenged on the ground that the police had used a "showup" by means of which the victim had been asked to identify the defendant when confronted with him alone. Even though it was conceded that a lineup consisting of several men would have been much preferable to the showup of the defendant all by himself, still the Supreme Court held that there were present other indicia of trustworthiness which overcame the suggestiveness of the one-on-one confrontation. In this connection, the court outlined the factors to be considered in making this evaluation, saying that "the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."

■ Whether the question arises with respect to pretrial identification at a challenged lineup (as was the case in *Neil* and is true here) or with respect to an in-trial identification by a witness who had previously identified a defendant at a challenged lineup, the legal issue is the same. *State v. Davis,* 529 S.W.2d 10, l.c. 14 (Mo.App.1975). In each of those situations, whether the identification procedure was prejudicially unfair must be determined by a considera-

tion of the totality of the circumstances. In judging the application of this rule, the Missouri courts have adopted a three-part test somewhat differently phrased but similar in intention and scope to that stated in *Neil.* The Missouri formulation requires that " ' . . . consideration be given to (1) the presence of an independent basis of identification, (2) the absence of any suggestive influence by others, and (3) positive courtroom identification. . . . ' " *State v. Parker,* 458 S.W.2d 241 (Mo.1970); *State v. Tidwell,* 500 S.W.2d 329 (Mo.App. 1973); *State v. Cole,* 519 S.W.2d 370 (Mo. App.1975); *State v. Rutledge,* 524 S.W.2d 449 (Mo.App.1975); *State v. Arnold,* 528 S.W.2d 164 (Mo.App.1975); *State v. Davis,* supra. Even if it can be said that the manner and composition of the lineup be suggestive, nevertheless the identification testimony may be admissible if parts one and three of the Missouri three-part test be met. *State v. Davis,* supra, and cases cited therein; *State v. Young,* supra.

■ Applying the foregoing rules to the present situation, the out of court identification testimony was admissible. The prosecutrix had an exceptional opportunity to observe her attacker at the time of the rape and of course her attention was focused upon him to a high degree. What was said by the United States Supreme Court in *Neil* is equally applicable here: "[t]he victim here * * * had an unusual opportunity to observe and identify her assailant." Similarly appropos is the statement in *Grant v. State,* 446 S.W.2d 620, 622 (Mo. 1969): " '[v]irtually no other crime offers the opportunity for observation of the perpetrator as the crime of rape.' "

The degree of attention and precision of observation by the prosecutrix at the time of the rape is directly evidenced by her detailed and accurate description which she gave to the police later the same day at the hospital. Moreover, she spontaneously identified the defendant on the street on July 1st and again on July 2nd. These facts demonstrate that the prosecutrix did

have a very substantial "independent basis of identification" wholly apart from the lineup. Still further, the prosecutrix made a positive unequivocal in-court identification, thus complying with the third point of the Missouri three-part test. In the totality of the circumstances, her out of court identification was sufficiently reliable and was properly admitted for consideration by the jury.

Affirmed.

All concur.