**STATE of Missouri, Respondent,**

v.

**Harrison BARNES, Appellant.**

**No. KCD 28248.**

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

John E. Craig, Levy & Craig, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Harrison Barnes was convicted of robbery first degree, Section 560.120, RSMo 1969. The jury was unable to agree upon the punishment and the court imposed sentence of 25 years confinement.

On this appeal Barnes urges the singular point that the court erred in admitting evidence of in-court identification of Barnes because it was based upon an unfair and unconstitutional pre-trial lineup. Barnes did not file a pretrial motion to suppress evidence of identification and made no objection to evidence of identification when this was introduced at trial.

Barnes was charged with robbing the Bellerive Hotel. Barnes accosted the clerk working behind the desk with a knife and forced him into the manager's office where Barnes tied the clerk to a chair. For a while Barnes stayed behind the desk and was there observed by three people staying in the hotel as they came in. The three guests, along with the clerk, all testified they had ample opportunity to observe Barnes. The clerk especially had a close-up view of Barnes as he was being tied in the chair.

All of the witnesses testified Barnes was not wearing any sort of mask, but did wear sunglasses.

After the clerk and two hotel guests had testified as to their identification of Barnes based on their observation of him at the scene, Barnes, for the first time, filed a motion to dismiss the charges on grounds of a suggestive lineup. The substance of the motion was that Barnes was in a lineup as the only person with an "afro" hairdo.

The facts in this case are so similar to the facts in *State v. Young*, 534 S.W.2d 585 (Mo.App.1976) and *State v. Holland*, 534 S.W.2d 590 (Mo.App.1976) as to make it unnecessary to repeat the well established rules set out in those cases.

 Suffice it to say by the failure to file a pretrial motion to suppress, and failure to object to identification evidence at the time it was introduced, Barnes has waived all of his objections to the lineup. However, even examining the merits of Barnes' complaint, it is obvious the test referred to in *Holland* is met and that in the totality of the circumstances here, the identification procedure was not prejudicial. There was an independent basis for the identification on the part of all four witnesses who identified Barnes. In addition, all four witnesses who identified Barnes did so in a positive manner in the courtroom.

On the basis of the rules set out in *Young* and *Holland,* the judgment is affirmed.

All concur.