STATE of Missouri, Respondent,

v.

Michael Harrison BARNES, Appellant.

No. KCD 28434.

Missouri Court of Appeals, Kansas City District.

Nov. 1, 1976.

John E. Craig, Levy & Craig, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Michael Harrison Barnes was convicted of robbery first degree, Section 560.120, RSMo 1969, but the jury was unable to agree upon punishment. The court imposed a sentence of five years to run consecutively with the sentence imposed in *State v. Barnes*, Mo.App., 543 S.W.2d 556, decided concurrently herewith.

The sole point raised on this appeal is error in overruling the motion in Limine. That motion was as follows:

MOTION IN LIMINE

"The above-captioned cause has been set down for trial on the merits on October 13, 1975.

"According to the pleadings, such trial will involve a determination on the issues of whether the defendant committed an armed robbery of Marie Nielsen and Carl Nielson who were in charge of monies of the TraveLodge at 921 Cherry, Kansas City, Missouri.

"Defendant is informed and believes, and hence alleges, that at said trial the State through witnesses will attempt to introduce evidence, make reference to, or otherwise leave the jury with the impression that the defendant had plead guilty or been adjudged guilty or been charged with any felonies.

"It is immaterial to and unnecessary for the disposition of said cause whether defendant has plead guilty or been adjudged guilty of any prior felonies, and any evidence, reference, or impression leading the jury to believe that such is the fact will be highly prejudicial to defendant.

"WHEREFORE, defendant requests that the Court order the State to not introduce evidence, make reference to, or otherwise leave the jury with the impression that the defendant has plead guilty, or been adjudged guilty, or been charged with any felonies."

The court overruled this motion. In a discussion prior to the commencement of trial, Barnes' counsel told the court Barnes had been convicted twice before and there was another charge pending in the same court at the time as this trial was to start. Counsel further stated there were possibly six or seven more charges that could be filed. He stated some or all of the people who were going to testify against Barnes knew of the other crimes and it would be irrelevant and prejudicial for such other crimes to be mentioned. The court then stated the mention of other crimes was to be avoided and the assistant prosecuting attorney readily agreed. In fact, the prosecutor stated the only way prior convictions would be brought up would be if Mr. Barnes took the witness stand. The trial proceeded and concluded without Mr. Barnes taking the stand or presenting any other evidence. No complaint is made, nor is any justified, that any evidence of any other crimes with which Mr. Barnes had either been charged or convicted was mentioned.

On this appeal Barnes states the question presented is whether a judgment of conviction may be shown while the conviction is under review in an appellate court. In his brief Barnes states he had one conviction of robbery in the first degree which had become final and one conviction which was under appeal, the case decided concurrently herewith. Barnes now urges the court erred in overruling his Motion in Limine because the court refused to rule that the conviction still pending on appeal could not be used to impeach Barnes.

Barnes cites *State v. Blevins*, 425 S.W.2d 155 (Mo.1968) for its holding that a conviction still pending on appeal may not be used for impeachment purposes when the defendant takes the stand.

Barnes is correct in his analysis of *Blevins*. However, Barnes did not raise any question in the trial court as to the use of a conviction on appeal. There was nothing in the motion filed to prohibit the use of such conviction, nor was there anything stated in the colloquy prior to trial that Barnes' counsel had in mind trying to prevent the State from using a conviction on appeal for impeachment purposes.

"A litigant may not shift or broaden his trial objection on appeal." *State v. Adams*, 531 S.W.2d 763[3, 4] (Mo.App.1975). Here, the objection Barnes raised at trial is not the objection he seeks to raise on this appeal. In fact the objection he raised at trial was agreed to by the trial court and there is no question that any evidence of Barnes' conviction or other charges were used in any way against him.

The judgment is affirmed.

All concur.