STATE of Missouri, Appellant,

v.

Daniel W. DWYER, Respondent.

No. WD 46169.

Missouri Court of Appeals,
Western District.

Nov. 17, 1992.

Hershel D. Shepherd, Asst. Pros. Atty., St. Joseph, for appellant.

Frederick A. Duchardt, Jr., Asst. Public Defender, Kearney, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and BERREY, JJ.

KENNEDY, Judge.

The State appeals the trial court's sustention of defendant's motion in limine, by which the defendant, charged with first degree murder, first degree assault and armed criminal action, sought to exclude from the trial evidence of a prior uncharged assault.

■ Defendant argues that this court does not have jurisdiction of the state's appeal, but that jurisdiction is in the Supreme Court. Section 547.200.1(2) allows the State to take an appeal "from any order or judgment the substantive effect of which results in ... suppressing evidence." Subsection 3, upon which defendant rests his jurisdictional argument, provides as follows:

> The appeal provided in subsection 1 of this section shall be an interlocutory appeal, filed in the appropriate district of the Missouri Court of Appeals, unless the proceedings involve a charge of capital murder or *murder in the first degree,* ... in which case notices of appeal shall be filed in the Supreme Court of Missouri. (emphasis supplied.)

Jurisdiction of our appellate courts is governed by Art. V, § 3 of the Constitution of the State of Missouri, which states: "The supreme court shall have exclusive appellate jurisdiction ... in all cases where the punishment imposed is death. The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court." Because jurisdiction of this court and our supreme court is fixed by the Constitution, it cannot be controlled or changed by statute. *State ex rel. Wabash R. Co. v. Shain,* 341 Mo. 19, 106 S.W.2d 898, 899 (1937); *Junior College Dist. v. Mayse,* 433 S.W.2d 541 (Mo.1968). We have jurisdiction.

Defendant says, next, the order is unappealable. He is correct in this contention, and we dismiss the appeal.

■ A ruling on an order in limine is not ordinarily appealable. "A ruling in limine is interlocutory only and is subject to change during the course of trial ... the motion in limine, in and of itself, presents nothing for appeal (citations omitted)." *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992).

The State claims the order in this case is appealable under Section 547.200.1. That statute gives the State the right of appeal from an order of the court "suppressing" evidence, or which has that substantive effect.

■ The in limine order which is sought to be appealed here is not an order "suppressing" evidence or having that substantive effect. Section 547.200.1 was not intended to allow the appeal of this order in limine. *State v. Holzschuh,* 670 S.W.2d 184, 185 (Mo.App.1984).

■ The "suppression" of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained. Fed.R.Crim.P. 12(b), Section 542.296, RSMo 1986, Black's Law Dictionary ("motion to suppress", "suppression of evidence") 914, 1291 (5th Ed.1979). Evidence may be highly relevant and admissible as against all objections based upon the rules of evidence (i.e., hearsay, best evidence, parol evidence, relevancy, privileged communications, and the like), but yet may be suppressed because it was illegally obtained. *Id.*

■ A pre-trial motion for suppression is generally required in order to exclude illegally obtained evidence; otherwise, the objection is waived. The trial court will not ordinarily pause mid-trial to have an evidentiary hearing about the way in which an item of evidence was obtained. *State v. Young,* 534 S.W.2d 585 (Mo.App.1976). In

the case of the evidence involved in this case, that is, evidence of defendant's other crimes, defendant's objection to its admissibility could have been made for the first time during the trial when the evidence was offered by the state; he would not be held to have waived the objection because he had not filed a pre-trial motion for an in limine order excluding the same. In fact, the trial court is not required to rule on a pre-trial motion for an in limine order. It may withhold any ruling until the evidence is offered in due course. *United States v. Masters,* 840 F.2d 587 (8th Cir.1988). And if it has ruled, its in limine ruling has no finality to it. The parties must proceed with respect to the evidence as if no in limine ruling had been made, the proponent of the evidence offering it and its opponent objection to it. The court must, however, rule upon a pre-trial motion to suppress evidence; *see State v. Jackson,* 477 S.W.2d 47 (Mo.1972); *State v. Harrington,* 435 S.W.2d 318 (Mo.1968); *State v. Young,* 534 S.W.2d 585 (Mo.App.1976); it may not defer the ruling, as it might the ruling upon a motion for an in limine order excluding evidence.

The position advanced by the State would allow the State to appeal any in limine order of the trial court which ruled inadmissible any evidence which the State proposed to offer. The State could thus by a single appeal, or by repeated appeals, secure appellate rulings upon the admissibility of all its evidence. The statute has no such meaning. It is intended to apply only to those orders "suppressing" evidence; it should not be broadened by intendment to cover in limine orders. *State v. Holzschuh,* 670 S.W.2d 184 (Mo.App.1984).

Appeal dismissed.

All concur.