STATE of Missouri, Plaintiff–Appellant,

v.

Karl A. SWOPE, Defendant–Respondent.

No. 21223.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 22, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1997.

Application to Transfer Denied
March 25, 1997.

Patrick L. King, Prosecuting Attorney, Phelps County, Rolla, for plaintiff–appellant.

Dan L. Birdsong, Thomas, Birdsong, Clayton & Becker, P.C., Rolla, for defendant–respondent.

PREWITT, Judge.

Defendant was charged with committing sodomy on a victim less than 14 years of age. Previous to the date set for trial, Plaintiff filed "State's Motion In Limine" and thereafter "Notice," seeking to offer as evidence statements of the victim to others. The body of each is set forth marginally.[1]

Following hearing, the trial court entered an order, "that the statements made by the child ... do not possess sufficient indicia of reliability to staisfy (sic) the statutory requirements [of Section 491.075, RSMo 1994] and therefore are excluded."

■ The State appeals from this Order, stating in the jurisdictional statement of its

brief, "The denial of the motion has the substantive effect of suppressing evidence and therefore is appealable by the State pursuant to Section 547.200," RSMo 1994. Respondent correctly counters that this ruling was not appealable, "in that this is simply an evidentiary ruling; and, as such, this is not an order which results in the suppression of evidence...."

Section 491.075, RSMo Supp.1994, allows certain statements of a child to be admissible under the circumstances described in that section. Section 547.200.1, RSMo 1994, allows the State to appeal "from any order or judgment the substantive effect of which results in: (1) Quashing an arrest warrant; (2) Suppressing evidence; or (3) Suppressing a confession or admission."

"The 'suppression' of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence." *State v. Dwyer*, 847 S.W.2d 102, 103 (Mo.App.1992). "Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained." *Id.* Rulings otherwise on evidence are not appealable under Section 547.200.1. *Id.* at 104.

■ Suppression of evidence referred to in Section 547.200.1 relates to matters raised by motion authorized by Section 542.296, RSMo 1994. *State v. Holzschuh*, 670 S.W.2d 184, 185 (Mo.App.1984). Appellant's "Motion

---

1. *STATE'S MOTION IN LIMINE*

 COMES NOW the State of Missouri, by and through the Prosecuting Attorney of Phelps County, Missouri, and for its motion in limine states the following:

 1. The State expects the evidence to be at or near the time of the victim's complaint herein, she told Christina Tabor, Cara Garcia, Denise Waldrip, Dixie Finley, Gretchen Spaetzel-Brown, George Schowengerdt and Tracy Brechmacher of her sexual abuse at the hands of defendant;

 2. In *State v. Richardson*, 349 Mo. 1103, 163 S.W.2d 956, 960–61 (1942), the Supreme Court ruled that prior unsworn extrajudicial complaint by a rape victim is admissible as an exception to the hearsay rule, only as corroboration.

 3. The State prays this Court grant its motion in limine permitting the State to elicit testimony from Christina Tabor, Cara Garcia, Denise Waldrip, Dixie Finley, Gretchen Spaetzel-Brown, George Schowengerdt and Tracy Brechmacher

as to the victim's prior unsworn complaints as corroboration of the victim's direct testimony.

 WHEREFORE, the State prays that the Court grant its motion in limine.

*NOTICE*

 COMES NOW State of Missouri by and throught (sic) the Prosecuting Attorney of the County of Phelps, and hereby gives notice to Defendant that he will offer statements made by a child under the age of twelve at trial in the above-styled case pursuant to Section 491.075, RSMo.

 The persons the State intends to call and the particulars of the statement the State intends to offer are as follows:

 1. The State intends to call Christina Tabor, previously endorsed, who will testify that the minor child, victim herein, gave her the attached statements.

 2. The State intends to call Cara Garcia, who will testify that on (sic) the minor child, victim herein, gave her the attached statements.

in Limine" was not such a motion.[2]

The appeal is dismissed.

BARNEY, P.J., and GARRISON, J., concur.

---

**2.** The title of the motion appears contrary to the definition of a motion in limine, which is one to prohibit the opposition from referring to or offering evidence. *See* BLACK'S LAW DICTIONARY 1013 (6th ed.1990). Such a motion by itself preserves nothing for appeal. *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992).