**STATE of Missouri, Plaintiff–Appellant,**

v.

**Harry Don FOSTER, Defendant–
Respondent.**

No. 21868.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 29, 1998.

Ian D.W. Sutherland, Jackson, for Appellant.

Daniel T. Moore and Paul A. Kidwell, L. Joe Scott and Daniel T. Moore Law Firm, Poplar Bluff, for Respondent.

GARRISON, Presiding Judge.

The trial court sustained a "Motion In Limine" filed by Harry Don Foster ("Defendant") in which he sought to prevent the State from introducing evidence of his alleged refusal to take a chemical breath test ("breath test") at trial on the charge of DWI. The State appeals that decision, claiming the right to do so pursuant to § 547.200.1(2) [1], which permits it to appeal from "any order or judgment the substantive effect of which results in ... [s]uppressing evidence ..."

■ Initially, we respond to Defendant's Motion To Dismiss Appeal, in which he argues that the motion sustained by the trial court was a motion in limine and not a motion to suppress. Therefore, he reasons, the order was not one from which the state may appeal pursuant to § 547.200.1(2). Defendant is correct that a ruling on a motion in limine is ordinarily not appealable in that it is interlocutory and subject to change during trial. *See State v. Dwyer*, 847 S.W.2d 102, 103 (Mo.App. W.D.1992). The legal character of a pleading, however, is determined by its subject matter and not its designation, to the extent that courts ignore the denomination of a pleading and look to its substance to determine its nature. *Weber v. Weber*, 908 S.W.2d 356, 359 (Mo.banc 1995).

■ Section 547.200.1(2) permits the State to appeal an order, "the substantive effect" of which is to suppress evidence. "The 'suppression' of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence." *Dwyer*, 847 S.W.2d at 103. "Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained." *Id.* "Evidence may be highly relevant and admissible as against all objections based on the rules of evidence (i.e., hearsay, best evidence, parol evidence, relevancy, privileged communications, and the like), but yet may be suppressed because it was illegally obtained." *Id.*

■ In the instant case, Defendant's motion was titled "Motion In Limine," but requested that the State ·not be permitted to

**1.** All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1997), unless otherwise indicated.

"refer to or introduce any evidence of the Defendant's alleged refusal to submit to a chemical breath test" because of the State's alleged failure to permit him to contact an attorney. There is no suggestion that any evidence, other than that presented to the trial court in connection with the motion, exists that would be relevant or would affect the admissibility of Defendant's alleged refusal to take a breath test. The issue of whether Defendant's refusal would be admissible centers around whether the State followed the dictates of § 577.041.1 in giving him an opportunity to contact an attorney. In that sense, if the alleged refusal to take the test is not admissible, it will not be because of some rule of evidence, but because the refusal was obtained illegally, in violation of the statute. We hold, therefore, that the "substantive effect" of the court's ruling was to suppress the evidence of the alleged refusal, a ruling that the State is entitled to appeal pursuant to § 547.200.1(2). Defendant's motion to dismiss the appeal is denied.

The issue on this appeal relates to the requirements of § 577.041.1 which provides, in pertinent part:

> If a person when requested to submit to any test allowed under section 577.020 requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

The State contends that Defendant made no request to speak with an attorney, which would have triggered the twenty minute waiting period before he could have been considered as having refused a breath test. It argues, therefore, that at Defendant's trial on the charge of DWI, it should be permitted to introduce evidence of his refusal to take a breath test.

Defendant was stopped by Trooper Douglas McDaniel of the Missouri Highway Patrol (the "trooper") at approximately 12:50 A.M. on July 21, 1996, when his car was observed driving down the center of the road. The trooper tape-recorded their conversations from just after the initial stop until after they arrived at the sheriff's office. The transcript of that tape, which was introduced at the hearing on the motion to suppress, indicates that the trooper had stopped Defendant for a similar offense on a prior occasion, and that Defendant and his attorney anticipated that he might be stopped again.

The trooper advised Defendant of his *Miranda* rights while transporting him to the Stoddard County Courthouse. When asked if he understood his rights, Defendant said, "Yeah. I'd like to make a phone call." The trooper then told Defendant that when they arrived at the courthouse, he was going to ask him to take a breath test. He explained the consequences of a refusal to take the test, as well as those flowing from a test which indicated intoxication. Defendant responded, "We know what's going to happen." While still en route to the courthouse, they had the following exchange:

> Defendant: Call [the Stoddard County Prosecutor] at home.
>
> Trooper: No, sir, I'm not going to do that.
>
> Defendant: Well, you say I got a phone call.
>
> Trooper: You make the phone calls you want.
>
> Defendant: I can't make nothing with these handcuffs on my hands.
>
> Trooper: And I can't make a phone call either till we get to the Stoddard County jail.

When they arrived at the courthouse, the trooper advised Defendant that he had been placed under arrest for driving while intoxicated, and he requested that he take a breath test to determine his blood alcohol content. He also told Defendant that if he refused to take the test, his driver's license would be revoked immediately for one year, and that evidence of a refusal could be used against him in a court of law. The following then occurred:

> Trooper: ... Having been informed of these reasons to take the test, will you take the test for me?
>
> Defendant: No comment.
>
> Trooper: Okay. Yes or no?

Defendant: No comment. I done—I've got lawyers and—my lawyers tell me no comment when they're saying that we knew this was going to happen. We know what's going to happen. We knew you was going to just do it to me again. No comment.

Trooper: Okay.

Defendant: Total no comment on anything you say.

Trooper: Okay. I'm going to take your silence and no comment to be no. Okay?

Defendant: No, you just take it as no comment.

Trooper: Okay.

Defendant then asked to call his father, and was permitted to do so. During that conversation, Defendant said, "Call [Defendant's attorney in this case] at home and call [the Stoddard County prosecutor]—or if you want to." Later, when Defendant was asked to sign the forms, including the one acknowledging that he was refusing to take the breath test, he said, "My lawyer has advised me that this was going to happen again and I ain't saying nothing and I ain't signing nothing, I ain't doing nothing." When asked specifically to sign the form concerning his refusal to take the breath test, Defendant said, "I done been advised not to sign none of these."

Defendant contends that his statement that he would "like to make a phone call" after receiving a *Miranda* warning, and his request that the trooper call the county prosecutor at home, constituted a request to call an attorney. He argues that such a request required the trooper to wait twenty minutes after requesting that he take a breath test before considering him as having refused.

Missouri courts have held that an arrested person does not have a constitutional right to speak to an attorney before deciding whether or not to take a breath test. *Spradling v. Deimeke,* 528 S.W.2d 759, 764 (Mo.1975); *Albrecht v. Dir. of Revenue,* 833 S.W.2d 40, 41 (Mo.App. E.D.1992). Section 577.041.1 does, however, provide a limited statutory right to confer with counsel prior to making that decision. *Albrecht,* 833 S.W.2d at 41. Likewise, § 544.170 and Rules 31.01 and 37.13 confer a limited right, upon request, to consult with counsel. Rules 31.01 and 37.13 specifically entitle a person to use a telephone, upon request, to accomplish that.

The limited right to contact an attorney before taking a breath test is not triggered unless the arrested driver specifically requests to talk with his attorney. *Green v. Dir. of Revenue,* 849 S.W.2d 658, 660 (Mo.App. W.D.1993). In the instant case, the first statement relied on by Defendant as a request to contact his attorney was his comment, "I'd like to make a phone call." This is not a specific request to contact an attorney. In fact, Defendant was permitted to make a phone call after arriving at the sheriff's office, but he chose to call his parents and requested that they call an attorney.

The second statement which Defendant characterizes as a request to speak with an attorney, was his request that the trooper call the Stoddard County prosecutor at home. While the prosecutor was obviously an attorney, it is just as obvious that he could not have advised Defendant under the circumstances. A telephone call to him would not have resulted in Defendant receiving any advice about whether he should take the breath test or refuse it. Moreover, the request that the *trooper* call the prosecutor, even if that person could have offered Defendant advice under the circumstances, was hardly a request that *Defendant* be permitted to talk with an attorney.

There is nothing in the record to indicate that Defendant was prevented from trying to contact an attorney before deciding whether to take a breath test. When asked whether he would consent to take the test pursuant to § 577.041.1, Defendant made no request to speak to an attorney. Instead, his response was immediate, and indicated that he had earlier spoken with an attorney about what his response should be if he were arrested and asked to take the test. He said that he had been advised to make "no comment," and continued to take that position after the trooper told him that he was going to consider it as a "no."

A refusal to take a breath test within the meaning of § 577.041.1 occurs when the person under arrest is requested to take the test but declines to do so of his own volition. *Spradling*, 528 S.W.2d at 766. It is not necessary that the person use the words "I refuse," or that he refuse to blow into the machine. *Id.* A refusal can also occur by remaining silent, or by making a qualified or conditional consent of refusal. *Id.* "If a driver qualifies a refusal to submit to chemical testing on consulting with counsel but receives no reasonable opportunity to attempt to do so, no refusal results under section 577.041.4(3)." *Wilmoth v. Dir. of Revenue*, 903 S.W.2d 595, 600 (Mo.App. W.D.1995).

Based upon the record before us, we cannot conclude that Defendant requested the opportunity to speak with an attorney as contemplated by § 577.041.1. Instead, the evidence presented to the trial court demonstrates that he voluntarily refused to take the breath test. He continued to respond with the words "no comment" after being told that would be considered as a refusal. He likewise did not qualify his statements with an indication of a desire to first consult with counsel. The trial court erred in ruling, on the basis of this record, that evidence of his refusal should be excluded at the trial of his DWI charge. The order of the trial court excluding that evidence is reversed. This should not be construed as a mandate that this evidence must be admitted regardless of other evidence or other issues that might be presented at future proceedings. Rather, we have merely concluded that, based on this record, the trial court erred in ruling as it did.

PREWITT and CROW, JJ., concur.