**STATE of Missouri, Appellant,**

v.

**Larry D. RIVERS, Respondent.**

**No. WD 58153.**

Missouri Court of Appeals,
Western District.

Sept. 5, 2000.

David M. Grace, Asst. Pros. Atty., Buchanan County, St. Joseph, for appellant.

George Allen Pickett, Plattsburg, for respondent.

PAUL M. SPINDEN, Chief Judge.

Larry Rivers conducted a discovery deposition of Lanette Macias, a witness for the state. Macias died before trial, so the state wanted to use the deposition in substitution for her testimony. The circuit court sustained Rivers' objection to the state's use of the deposition in its case-in-chief, and the state filed this interlocutory appeal. Because the ruling is not appealable, we dismiss the appeal.

■ Section 547.200, RSMo Supp. 1999, permits the state an interlocutory appeal from any order "the substantive effect of which results in: ... [s]uppressing evidence." Suppression of evidence, as used in § 547.200, is linked directly to § 542.296, RSMo 1994, which lists five bases for a motion to suppress.[1] *State v. Holzschuh,* 670 S.W.2d 184, 185 (Mo.App. 1984). The statutory grounds for a motion to suppress involve illegal or warrantless search or seizure. "The 'suppression' of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained." *State v. Dwyer,* 847 S.W.2d 102, 103 (Mo.App. 1992).

■ Rule 25.15 prohibits the state from using the deposition as evidence in its case-in-chief.[2] The circuit court was obligated to exclude the deposition from evidence because the state did not take the deposition in compliance with Rule 25.14.

The state argues that a discovery deposition fits within the definition of "judicial proceeding" contained in § 575.010(3). Even if this general statute were relevant to this case, rules 25.14 and 25.15 establish specific requirements for the state to conduct and introduce a deposition in a criminal case.

Because the state is not appealing the suppression of evidence, it has no grounds for this interlocutory appeal. Lacking jurisdiction to consider the appeal, we dismiss it.

---

1. The statute says, "The motion to suppress may be based upon any one or more of the following grounds: (1) That the search and seizure were made without warrant and without lawful authority; (2) That the warrant was improper upon its face or was illegally issued, including the issuance of a warrant without proper showing of probable cause; (3) That the property seized was not that described in the warrant and that the officer was not otherwise lawfully privileged to seize the same; (4) That the warrant was illegally executed by the officer; (5) That in any other manner the search and seizure violated the rights of the movant under section 15 of article I of the Constitution of Missouri, or the fourth and fourteenth amendments of the Constitution of the United States."

2. Rule 25.15 says, "At the trial or upon any hearing, any deposition *obtained in accordance with Rule 25.14,* so far as it is otherwise admissible under the rules of evidence, may be used by the state if it appears: (1) that the witness is dead, or (2) that the state has made a good faith effort to obtain the presence of the witness at the hearing or trial, but has been unable to procure the attendance of the witness." The state did not obtain the deposition in accordance with Rule 25.14; Rivers took the deposition in accordance with Rule 25.12. The state had no basis for offering the deposition under Rule 25.15.

**610**

PATRICIA BRECKENRIDGE, Judge, and THOMAS H. NEWTON, Judge, concur.