**STATE of Missouri, Appellant,**

v.

**Robert J. EISENHOUER, Respondent, Richard Bloom and Charles Graham, Intervenors–Respondents.**

No. SC 82505.

Supreme Court of Missouri. En Banc.

April 10, 2001.

Douglas D. Gaston, Pros. Atty., Houston, for Appellant.

Craig A. Johnston, Asst. Public Defender, Columbia, for Respondent.

Jon S. Hutcheson, Houston, for Intervenors/Respondents.

Timothy Belz, St. Louis, Carl H. Esbeck, Annadale, VA, Amici Curiae, for Christian Legal Society, Missouri East and West Annual Conferences of the United Methodist Church and the National Association of Evangelicals.

HOLSTEIN, Judge.

This appeal arises after the circuit court of Texas County, Missouri, sustained a motion to quash filed by two elders of the Jehovah's Witness Church in Cabool, Missouri. The case presents two issues. First, is the interlocutory order quashing the subpoenas appealable? Second, is sec. 210.140 [1] constitutional, thus invalidating the order quashing the subpoena? Because the constitutionality of a statute is in question, this Court has jurisdiction of the appeal. *Mo. Const. art. V, sec. 3.* The Court finds that the interlocutory order is appealable, and finds that the trial court did not err in quashing the subpoenas.

---

1. All statutory citations are to RSMo 2000 unless otherwise noted.

## I. FACTS

Richard Bloom and Charles Graham, elders of the Cabool (Missouri) Congregation of Jehovah's Witnesses, were served with investigative subpoenas duces tecum. The subpoenas ordered Mr. Bloom and Mr. Graham to appear at the Texas County prosecuting attorney's office and "to bring the following: any and all relevant materials, including personal knowledge, regarding *State v. Eisenhower* [sic]." [2] The subpoenas were purportedly issued pursuant to section 56.085. Mr. Eisenhouer is a member of the same Jehovah's Witness congregation and is accused of two counts of statutory rape in the first degree, sec. 566.032, and two counts of statutory sodomy in the first degree, sec. 566.062. The record shows that through the subpoenas the state sought to obtain information about a confession that Mr. Eisenhouer allegedly made to Mr. Bloom and Mr. Graham. The state's allegation is that Mr. Eisenhouer sexually abused his stepdaughters and admitted the crime to the church elders.

Mr. Bloom and Mr. Graham, in their motion to quash, argued that the subpoenas require them to disclose a privileged communication made to them in their capacity as ministers providing spiritual advice and counseling. *Sec. 491.060(4).* They argue that compelling them to disclose this information violates their right to free exercise of religion. *U.S. Const. amend. I.* The state in response points to sec. 210.140, which they claim abrogates the minister-communicant privilege in cases of known or suspected child abuse or neglect. Eisenhouer and the elders argue that sec. 210.140 is unconstitutional.

The trial court quashed the subpoenas. The order itself did not provide the court's rationale; however, as the trial judge ruled on the motion he stated that sec. 210.140 violates Mr. Bloom, Mr. Graham, and Mr. Eisenhouer's right to free exercise of religion. The state requests that the Court reverse the trial court's order.

## II. JURISDICTION

■ Respondent Eisenhouer challenges the appealability of the trial court's order. Generally, an appealable judgment requires a final judgment below. *Sec. 512.020.* A criminal judgment is final when the sentence and judgment finally dispose of all issues in the criminal proceeding, leaving no questions to the future judgment of the court. *State v. Wakefield,* 689 S.W.2d 809, 812 (Mo.App.1985), citing *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo. banc 1979). All parties agree that this is an interlocutory order. Generally, a remedial writ is the proper route to review interlocutory orders in a criminal case. *State ex rel. Westfall v. Mason,* 594 S.W.2d 908, 910 (Mo. banc 1980).

■ Section 547.200.1(3), however, provides the state with its right to an interlocutory appeal in this case:

1. An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the *substantive effect of which results in*:

. . . .

(3) *Suppressing evidence*;

. . . .

(emphasis added). When the trial court quashed the investigative subpoenas, that act had the substantive effect of suppressing evidence in a criminal case and provided the state with the right to an interlocutory appeal. *Sec. 547.200.1(3).* "Suppression" is a term used when deal-

---

**2.** The subpoena directed to Charles Graham uses this language. The Richard Bloom sub- poena is identical, but omits the words, "any and . . ."

ing with evidence that is not objectionable as violating any rule of evidence, but that instead has been illegally obtained. *State v. Rivers,* 26 S.W.3d 608, 609 (Mo.App. 2000), citing *State v. Dwyer,* 847 S.W.2d 102, 103 (Mo.App.1992). It follows that "suppressing evidence" as used in this section would certainly include, for example, the grounds for a motion to suppress based on an illegal search or seizure. *Sec. 542.296.* But an order having the "substantive effect" of suppressing evidence is more inclusive than only an order sustaining a motion to suppress. An order quashing a subpoena because it is asserted that the consideration of the witness's testimony would illegally violate a substantive right of the accused is an order having the effect of a motion to suppress. The mere exclusion of evidence based on a rule of evidence does not have the substantive effect of a motion to suppress. *State v. Foster,* 959 S.W.2d 143, 144 (Mo.App.1998); *State v. Swope,* 939 S.W.2d 491, 492 (Mo.App.1997); *State v. Zancauske,* 804 S.W.2d 851, 852 (Mo.App. 1991); *State v. Holzschuh,* 670 S.W.2d 184, 185 (Mo.App.1984).

When the trial court quashed the subpoenas at issue here, the order was not based on mere allegations that the subpoenas were objectionable because they violated a rule of evidence or procedure. *See Holzschuh,* 670 S.W.2d at 185; *Swope,* 939 S.W.2d at 492; *Rivers,* 26 S.W.3d at 609. Rather, the respondents challenged the state's constitutional authority to access this information. *See Foster,* 959 S.W.2d at 144 (Mo.App.1998). The order had the "substantive effect" of suppressing evidence, and the state may pursue this interlocutory appeal.

---

**3.** Though not raised by the parties, we note that section 56.085 has been found to be

## III. THE SUBPOENAS DUCES TECUM

■ This Court will not address a constitutional question if the case can be fully determined without reaching it. *State ex rel. Union Elec. Co. v. Public Service Comm'n,* 687 S.W.2d 162, 165 (Mo. banc 1985). This Court's appellate jurisdiction is not lost if the case is decided on other issues. *Id.* Accordingly, the Court does not reach the question of whether sec. 210.140, which the appellant claims abrogates the minister-communicant privilege in situations involving child abuse or neglect, violates the respondents' right to free exercise of religion. Instead, the order is affirmed because these subpoenas were not authorized by sec. 56.085.

Section 56.085 grants the prosecuting attorney in the course of a criminal investigation the power to request:

> the circuit judge to issue a subpoena to any witness who may have information for the purpose of oral examination under oath to require the production of books, papers, records, or other material of any evidentiary nature at the office of the prosecuting or circuit attorney requesting the subpoena.

(emphasis added).[3] The subpoenas at issue order Mr. Bloom and Mr. Graham "to appear/produce documents." Specifically, the subpoenas request "any and all relevant materials, including personal knowledge, regarding *State v. Eisenhower* [sic]." Section 56.085 does not by its terms specifically authorize a general investigative subpoena of "personal knowledge." And certainly, books, papers, and records do not include unrecorded personal knowledge. The remaining question is whether "other material of any evidentiary nature" includes the unrecorded recollection of a witness. Absent a statutory definition, the

constitutional by this Court. *Johnson v. State,* 925 S.W.2d 834, 836 (Mo. banc 1996).

words used in the statute will be given their plain and ordinary meaning as derived from the dictionary. *State v. Hibler*, 5 S.W.3d 147, 149 (Mo. banc 1999). In context, the word "material" means something physical rather than abstract or intangible in nature. *Webster's Third New Int'l Dictionary* 1392 (1981). The Court concludes, therefore, that an unrecorded memory or knowledge of events is not "books, papers, records, or other material."

The state's subpoena ordering Mr. Bloom and Mr. Graham to bring "personal knowledge" is outside the scope of what is subject to an investigative subpoena duces tecum under sec. 56.085. Nothing indicates that the state has any interest in obtaining physical evidence. The trial court did not err in quashing the subpoenas. The order is affirmed.

PRICE, C.J., LIMBAUGH, WHITE, WOLFF and BENTON, JJ., concur.

LAURA DENVIR STITH, J., not participating.