**STATE of Missouri, Appellant,**

v.

**Rachel PUCKETT, Respondent.**

**No. ED 84533.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 5, 2004.

Jennifer A. Bartlett, Franklin County, MO, for appellant.

John M. Ferrara, Union, MO, for respondent.

LAWRENCE E. MOONEY, P.J.

The defendant, Rachel Puckett, was charged by information with possession of anhydrous ammonia in a nonapproved container, section 578.154 RSMo. Supp.2001. The defendant filed a motion to suppress evidence, which the trial court sustained. However, nowhere in the motion to suppress is there any claim that the police illegally obtained the evidence sought to be excluded, and the trial court's order is premised on the defendant's claim that she was entitled to exclusion of the evidence based on a statute regulating the handling of such evidence.[1] The State has filed an appeal, claiming that it has the right to an interlocutory appeal since the trial court's order has the substantive effect of suppressing evidence. However, the State enjoys no right to appeal the mere exclusion of evidence. Rather, the State's right to appeal has been consistently circumscribed to those cases where illegally obtained evidence is at issue. Because there is no order here that has the substantive effect

---

1. The defendant also claimed in her motion to suppress that the destruction of the evidence violated her due-process rights. Because the trial court based its decision on the defendant's claim regarding the statute, we do not address the constitutional claim.

of suppressing evidence, the State has no right to appeal the trial court's order. Accordingly, we dismiss the appeal.

In her motion to suppress, the defendant alleged that the police officers did not retain the alleged anhydrous ammonia, that no court gave the officers permission to dispose of the alleged anhydrous ammonia, and that the officers did not retain a representative sample of the alleged anhydrous ammonia. The defendant contended that the State should therefore be precluded from introducing evidence of the alleged anhydrous ammonia because the State had violated section 490.733.[2] The defendant also argued in her motion that the destruction of physical evidence violated her constitutional right to due process. However, critical to our analysis, nowhere does the motion to suppress claim that the challenged evidence was illegally obtained by the police officer.

The trial court conducted a hearing on the defendant's motion to suppress. Again, no evidence was adduced that the alleged anhydrous ammonia was illegally obtained by the police. At this hearing, Officer Roger Guerrette testified that in the early morning of April 4, 2003, he stopped a vehicle for speeding and operating without headlights. The defendant was a passenger in the vehicle. When he searched the vehicle, Officer Guerrette found a five-gallon propane tank. Detective David Smith testified that he conducted two tests of the propane tank. Detective Smith stated that the first test, a litmus-paper swab, did not indicate the presence of anhydrous ammonia, but a second test, called a drager test, showed a heavy concentration of anhydrous ammonia. Detective Smith further testified that anhydrous ammonia is dangerous to store and that after the test, he destroyed the tank along with other tanks. Detective Smith did not get permission to destroy the tank from any "judicial officer." Detective Smith also stated that he does not keep samples of anhydrous ammonia.

■ Section 490.733 is titled "Hazardous materials—evidence in criminal investigation" and is codified in the revised statutes' chapter governing evidence. Subsection 2 of the statute provides [3]:

> Notwithstanding the provisions of section 575.100, RSMo, and *with the approval of the affected court,* any law enforcement officer who seizes hazardous materials as evidence related to a criminal investigation *may collect representative samples of such hazardous materials,* and destroy or dispose of, or direct another person to destroy or dispose of the remaining quantity of such hazardous materials.

(Emphasis added).[4] After the hearing, the trial court sustained the defendant's motion stating that "the motion to suppress is sustained as to the anhydrous ammonia and any evidence derived from the anhydrous ammonia." In its written judgment, the court stated that the motion was granted "per verbal findings." Review of the transcript of the hearing reflects that the trial court sustained the defendant's mo-

---

**2.** All statutory references are to RSMo.2000 unless otherwise indicated.

**3.** Subsection 3 of section 490.733 provides that "[i]n any prosecution, representative samples of hazardous materials accompanied by photographs, videotapes, laboratory analysis reports or other means used to verify and document the identity and quantity of the material shall be deemed competent evidence of such hazardous materials and shall be admissible in any proceeding, hearing or trial as if such materials had been introduced as evidence."

**4.** Section 575.100 defines the crime of tampering with physical evidence.

tion based on her claim regarding section 490.733.[5] The State appeals.

■ In Missouri, the right to appeal is purely statutory. *State v. Carter*, 78 S.W.3d 786, 787 (Mo.App. E.D.2002). "Generally, a remedial writ is the proper route to review interlocutory orders in a criminal case." *State v. Eisenhouer*, 40 S.W.3d 916, 918 (Mo. banc 2001). But section 547.200.1 sets forth four interlocutory orders from which the State may appeal.[6] The State contends that this Court has jurisdiction under section 547.200.1(3). This subsection provides that "[a]n appeal may be taken by the state through the prosecuting or circuit attorney from an order or judgment the substantive effect of which results in ... [s]uppressing evidence." [7]

Missouri courts have held that the suppression of evidence for purposes of section 547.200.1(3) is related or linked to the grounds provided in section 542.296.5, which governs motions to suppress. *State v. Rivers*, 26 S.W.3d 608, 609 (Mo.App. W.D.2000); *State v. Swope*, 939 S.W.2d 491, 492 (Mo.App. S.D.1997); *State v. Zancauske*, 804 S.W.2d 851, 852 (Mo.App. 1991); *State v. Holzschuh*, 670 S.W.2d 184, 185 (Mo.App.1984). "Suppression of evidence, as used in [section] 547.200, is linked directly to [section] 542.296, RSMo 1994, which lists five bases for a motion to suppress." *Rivers*, 26 S.W.3d at 609.

Section 542.296.5 provides:

5. The motion to suppress may be based upon any one or more of the following grounds:

(1) That the search and seizure were made without lawful authority;

(2) That the warrant was improper upon its face or was illegally issued, including the issuance of a warrant without proper showing of probable cause;

(3) That the property seized was not that described in the warrant and that the officer was not otherwise lawfully privileged to seize the same;

(4) That the warrant was illegally executed by the officer;

(5) That in any other manner the search and seizure violated the rights of the movant under section 15 of article I of the Constitution of Missouri, or the fourth and fourteenth amendments of the Constitution of the United States.

---

**5.** No Missouri appellate court has interpreted section 490.733.

**6.** Section 547.200.2 provides that "[t]he state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 [addressing insufficient indictment or information] and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant. The supreme court shall issue rules governing such appeals." Rule 30.01 states that "[a]fter the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law." The most common instance where a judgment is final in a criminal case is when the sentence is entered. *State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999). Additionally, in a criminal case, a judgment is final when the court prior to trial enters an order of dismissal or discharge of the defendant that has the effect of foreclosing any further prosecution of the defendant on a particular charge. *Id.* The "final" judgments discussed in *Burns* do not apply to the order at issue here.

**7.** Section 547.200.1 also provides that the State may appeal from any order or judgment the substantive effect of which results in quashing an arrest warrant, a determination by the court that the accused lacks the mental capacity or fitness to proceed to trial pursuant to section 552.020, or suppressing a confession or admission. Section 547.200.1(1)(2)(4).

None of the five grounds set forth in Section 542.296.5 are applicable in the present case.

In *Eisenhouer*, the Missouri Supreme Court further addressed the appealability of an interlocutory order under section 547.200.1(3). 40 S.W.3d at 918–19. In that case, the State sought to obtain information regarding an alleged confession that Eisenhouer made to two persons who belonged to his congregation and these two persons were served with subpoenas duces tecum. *Id.* at 918. The two persons filed motions to quash the subpoenas arguing that the subpoenas would require them to disclose a privileged communication made to them in their capacity as ministers and compelling them to disclose the information violated their right to free exercise of religion. *Id.* The State argued that section 210.410 abrogated the minister-communicant privilege in cases of known or suspected child abuse or neglect. *Id.* The trial court quashed the subpoenas and the State appealed from this order. *Id.*

In addressing the appealability of the trial court's order, the Court recognized that suppressing evidence as set forth in section 547.200.1(3) includes "the grounds for a motion to suppress based on an illegal search or seizure." *Id.* at 919 (citing section 542.296).[8] The Court then held that "an order having the 'substantive effect' of suppressing evidence is more inclusive than only an order sustaining a motion to suppress." *Id.* The Court noted that the trial court's order was not based on mere allegations that the subpoenas were objectionable because of a violation of "a rule of evidence or procedure," but rather that the State's constitutional authority to access the information was challenged. *Id.* The Court concluded that the trial court's quashing of the subpoenas had the substantive effect of suppressing evidence and therefore the State had a right to appeal under section 547.200.1(3). *Id.*

Another case where an interlocutory order was appealable and on which the State relies is *State v. Foster*, 959 S.W.2d 143 (Mo.App. S.D.1998). In that case, the State appealed from the trial court's grant of the defendant's motion that the State not be permitted to introduce evidence of his refusal to take a breath test during his criminal prosecution for driving while intoxicated. *Foster*, 959 S.W.2d at 144–45. The focus of the admissibility of the driver's refusal was whether he was given an opportunity to contact counsel as provided in section 577.041. *Id.* at 145. The Court held that the State was entitled to appeal, stating that "if the alleged refusal to take the test is not admissible, it will not be because of some rule of evidence, but because the refusal was obtained illegally, in violation of the statute." *Id.* In another case that involved a prosecution for operating a vessel in an intoxicated condition, the trial court granted the defendant's motion to suppress blood-test results because he was not advised of the reason for the officer's request for the test and his right to refuse the test. *State v. Jenkins*, 946 S.W.2d 12, 13 (Mo.App. S.D.1997). The State appealed and the Court held that the trial court's order was appealable under section 547.200 as the blood test was not inadmissible because of a rule of evidence, but rather because the evidence was illegally obtained. *Id.* at 13–14 n. 4.

---

8. In a later case, the Court stated that "a motion to suppress is rooted in a violation of an accused's constitutional right to be free from unreasonable searches and seizures." *State v. Galazin*, 58 S.W.3d 500, 505 (Mo. banc 2001). In that case, the Court addressed when a claim that evidence was obtained in violation of a defendant's constitutional right to be free from unlawful arrest must be raised. *Id.*

**24** ■

■ As these cases make manifest, the State's right to appeal has been consistently circumscribed to those cases where illegally obtained evidence is at issue. Furthermore, Missouri courts have consistently distinguished between the exclusion of evidence based on a rule of evidence or procedure and the "suppression" of evidence that has been illegally obtained. *E.g., Eisenhouer*, 40 S.W.3d at 919; *Rivers*, 26 S.W.3d at 609. " 'Suppression' is a term used when dealing with evidence that is not objectionable as violating any rule of evidence, but that instead has been illegally obtained." *Eisenhouer*, 40 S.W.3d at 918–19. Here, the defendant made no claim that the propane tank and its anhydrous ammonia was illegally obtained by the police, but rather that the tank was illegally destroyed by failing to comply with the provisions of section 490.733.2.

For purposes of appealability, there is no logical distinction between the instant case and one where a trial court excludes evidence as a discovery sanction. A trial court as a matter of discretion may exclude evidence when a party fails "to comply with an applicable discovery rule or order issued pursuant thereto." Rule 25.18 (formerly Rule 25.16). Such an order would not be appealable because the evidence would be excluded based on a procedural rule, rather than because it was illegally obtained. Here, section 490.733.2 sets forth a procedure for the destruction of hazardous materials related to a criminal investigation. The statute provides for "approval of the affected court" and collecting "representative samples." As with our Supreme Court's discovery rules, the statute sets forth requirements for the procedural handling of evidence that strike a balance between the State's duty to preserve evidence and the defendant's right to access evidence necessary for her defense.

Although here the parties and the trial court mischaracterized the court's ruling as the suppression of evidence, it is not the suppression of evidence because there was never any claim, evidence, or ruling that evidence had been illegally obtained. Instead, the court's order was one excluding evidence based on a statute governing the procedural handling of evidence.

The present case is analogous to the Court's decision in *Rivers*. In that case, the trial court sustained the defendant's motion to prohibit the State from using a deposition during its case-in-chief. *Rivers*, 26 S.W.3d at 609. Rule 25.15 prohibited the State from using the deposition. *Id.* Noting that the term "suppression" refers to evidence that is not objectionable as violating any rule of evidence but rather has been illegally obtained, the Court held that the trial court's order was not appealable. *Id.* Similarly, the trial court's order here excluding the evidence based on section 490.733 is not appealable.

The State is not without recourse. The State may seek review of the trial court's order by way of a remedial writ.[9] *See Eisenhouer*, 40 S.W.3d at 918; *Burns*, 994 S.W.2d at 943; *Carter*, 78 S.W.3d at 789.

Appeal dismissed.

LAWRENCE G. CRAHAN and MARY K. HOFF, JJ., concur.

---

**9.** We offer no opinion as to whether a writ should issue.