**STATE of Missouri, Appellant,**

v.

**Jonathan D. WHITWELL, Respondent.**

**No. 28131.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 8, 2007.

Kenneth G. Clayton, Rolla, for Appellant.

Dan L. Birdsong, Thomas, Birdson & Mills, P.C., Rolla, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant State of Missouri ("the State") seeks to appeal the trial court's entry of an Order, prior to trial, granting Respondent Jonathan D. Whitwell's ("Defendant") "Motion to Suppress Identification." The trial court's ruling barred "all identification evidence leading from and as a result of the use of lineups, showups, confrontations or photographs of ... Defendant ..." in connection with his identification by an eyewitness to a robbery which the

State contends Defendant committed.[1] In its sole point on appeal, the State contends the trial court erred in granting Defendant's motion to suppress because the eyewitness identification of Defendant was reliable and not the result of an unduly suggestive identification procedure.

■ We dismiss this appeal because the Order entered by the trial court constituted a pre-trial order *in limine*. "A ruling *in limine* is interlocutory only and is subject to change during the course of trial. The motion *in limine*, in and of itself, presents nothing for appeal." *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992) (emphasis added).

We recognize that section 547.200.1(3) permits the State an interlocutory appeal from an order "the substantive effect of which results in ... [s]uppressing evidence." "Suppression of evidence, as used in [section] 547.200, is linked directly to [section] 542.296 [2] ... which lists five bases for a motion to suppress." *State v.*

*Rivers*, 26 S.W.3d 608, 609 (Mo.App.2000). "The statutory grounds for a motion to suppress involve illegal or warrantless search or seizure." [3] *Id.*

■ "The 'suppression' of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained." *Id.* "The *in limine* order which is sought to be appealed here is not an order 'suppressing' evidence or having that substantive effect." *State v. Dwyer*, 847 S.W.2d 102, 103 (Mo.App.1992) (emphasis added). As an *in limine* order, the trial court's ruling had the substantive effect of *excluding* evidence, not suppressing evidence.[4] "Section 547.200.1 was not intended to allow the appeal of this order *in limine*." *Id.* (emphasis added); *see also State v. Holzschuh*, 670 S.W.2d 184, 185 (Mo.App.1984).

1. Defendant was charged by Information on March 16, 2004, with one count of the class A felony of pharmacy robbery in the first degree, a violation of section 569.025, and one count of the unclassified felony of armed criminal action, a violation of section 571.015.
   All statutory references are to RSMo 2000.

2. Section 542.296.5 sets out:
   The motion to suppress may be based upon any one or more of the following grounds: (1) That the search and seizure were made without warrant and without lawful authority; (2) That the warrant was improper upon its face or was illegally issued, including the issuance of a warrant without proper showing of probable cause; (3) That the property seized was not that described in the warrant and that the officer was not otherwise lawfully privileged to seize the same; (4) That the warrant was illegally executed by the officer; (5) That in any other manner the search and seizure violated the rights of the mov-

ant under section 15 of article I of the Constitution of Missouri, or the fourth and fourteenth amendments of the Constitution of the United States.

3. While Respondent's motion was denominated as a motion to suppress, we note that the "legal character of a pleading ... is determined by its subject matter and not its designation to the extent that courts ignore the denomination of a pleading and look to its substance to determine its nature." *State v. Foster*, 959 S.W.2d 143, 144 (Mo.App.1998); *see also Weber v. Weber*, 908 S.W.2d 356, 359 (Mo. banc 1995).

4. "A trial court's ruling on a motion *in limine* is interlocutory only and subject to change during the trial, preserving nothing for appellate review." *State v. Dowell*, 25 S.W.3d 594, 601 (Mo.App.2000). "[E]ven if it initially found that the evidence should be excluded in a motion *in limine*, a trial court is free to change its ruling and admit such evidence" during the course of trial. *Id.*

Outside of its jurisdictional statement, which noted it had the right to appeal "interlocutory orders on motions to suppress" pursuant to section 547.200.1(3), the State does not otherwise discuss its right to appeal the trial court's Order in the present matter. Nevertheless,

> [t]he position advanced by the State would allow the State to appeal any *in limine* order of the trial court which ruled inadmissible any evidence which the State proposed to offer. The State could thus by a single appeal, or by repeated appeals, secure appellate rulings upon the admissibility of all its evidence. The statute has no such meaning. It is intended to apply only to those orders 'suppressing' evidence; it should not be broadened by intendment to cover *in limine* orders.

*Dwyer*, 847 S.W.2d at 104.

Appeal dismissed.

BATES, C.J., and LYNCH, J., concur.