STATE of Missouri, Appellant,

v.

Heidi P. BURNS, Respondent.

No. WD 73127.

Missouri Court of Appeals,
Western District.

April 12, 2011.

Kristina S. Zeit, St. Joseph, MO, for appellant.

George S. Miller and Samuel L. Scroggie, Maryville, MO, for respondent.

Before Division Two: JAMES M. SMART, JR., Presiding Judge, MARK D. PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

The State appeals from an order of the trial court granting Heidi Burns's ("Burns") "Motion to Suppress or in the Alternative Motion in Limine" which sought to exclude the admission at trial of information contained in Burns's medical records including, but not limited to, any tests on Burns's blood or urine. Burns is charged with driving while intoxicated—under the influence of "a drug or drugs." We dismiss the State's appeal.

## Factual and Procedural History

On May 25, 2010, Burns wrecked her vehicle into a median barrier. After the accident, Burns was treated at the Heartland Regional Medical Center in St. Joseph, Missouri. Burns was charged with careless and imprudent driving, driving while intoxicated—under the influence of "a drug or drugs," and failure to maintain financial responsibility (no valid proof of insurance).

Prior to trial, the State filed a "Notice of Filing of Business Records Pursuant to Section 490.692"[1] in which the State expressed its intent to introduce Burns's medical records at trial. In response, Burns filed a "Motion to Suppress or in the Alternative Motion in Limine." The State filed its objection to Burns's motion. The trial court granted Burns's motion. The trial was continued to permit the State to file a writ of prohibition. The State did not file a writ of prohibition. Instead, the State filed this appeal.

## Analysis

In its sole point on appeal, the State contends that Burns's medical records were admissible under the business records exception to the hearsay rule. The State contends it is entitled to bring this interlocutory appeal pursuant to section 547.200.1(3).

Burns filed a motion to dismiss the appeal. In her motion, Burns contends that section 547.200.1(3) permits an interlocutory appeal, but only where the trial court has ordered the suppression of illegally seized evidence. Burns argues that the trial court's order did not suppress evidence, and is merely a pretrial *in limine* ruling with respect to the admissibility of evidence pursuant to an evidentiary rule or principle. The State has not filed a response to Burns's motion to dismiss.

■ "In Missouri, the right to appeal is purely statutory." *State v. Puckett,* 146 S.W.3d 19, 22 (Mo.App. E.D.2004). Section 547.200 describes the State's right to appeal in criminal cases. The State filed this appeal pursuant to section 547.200.1(3), which provides: "An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in ... *[s]uppressing* evidence." (Emphasis added.)

■ " 'The "suppression" of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained.' " *State v. Whitwell,* 215 S.W.3d 760, 761 (Mo.App. S.D. 2007) (quoting *State v. Rivers,* 26 S.W.3d 608, 609 (Mo.App. W.D.2000)). The suppression of evidence is addressed in section 542.296. Specifically, section 542.296.5 sets forth five grounds on which a motion to suppress may be based, each of which involve illegal searches and seizures.[2] Thus, Missouri courts have rou-

---

**1.** All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

**2.** Section 542.296.5 provides:

tinely concluded that the "[s]uppression of evidence, as used in section 547.200, is linked directly to section 542.296[ ], which lists five bases for a motion to suppress." *Rivers,* 26 S.W.3d at 609; *see also, Puckett,* 146 S.W.3d at 24 ("[T]he State's right to appeal has been consistently circumscribed to those cases where illegally obtained evidence is at issue.").

■ In its order granting Burns's Motion to Suppress or in the alternative Motion in Limine, the trial court held:

It is the Court's belief that the state regulations are promulgated in relation to the statute on admissibility of these types of test results. And that those regulations have to be followed for those test results to be admissible into evidence. So the State's objection to defendant's motion to suppress, or in the alternative motion in limine will be overruled. And the Court will require the State to introduce the foundation required by the State Code of Regulations for any lab tests concerning levels of alcohol or the presence of drugs in a sample to be admissible. To do otherwise would just allow the State to constantly circumvent the statutes by not having the officers direct a test be done, and just rely upon standard tests done by hospitals in all emergency admissions, which could not have been the intent of the legislature.

It is evident that the trial court's order was based on the application of a rule of evidence, and not on any claim or concern that Burns's medical records had been secured by virtue of an illegal search and seizure. As section 542.296.5 was not implicated by Burns's motion to exclude her medical records, or by the trial court's order, it necessarily follows that the State is afforded no right to seek an interlocutory appeal from the trial court's order pursuant to section 547.200.1(3).

■ It is of no consequence that Burns denominated her motion, "Motion to Suppress or in the Alternative Motion in Limine." "[T]he 'legal character of a pleading ... is determined by its subject matter and not its designation to the extent that courts ignore the denomination of a pleading and look to its substance to determine its nature.'" *Whitwell,* 215 S.W.3d at 761, n. 3 (citations omitted).

■ We are required to dismiss this appeal. The trial court's order is tantamount to a ruling *in limine.* " 'A ruling *in limine* is interlocutory only and is subject to change during the course of trial. The motion *in limine,* in and of itself, presents nothing for appeal.'" *Id.* at 761 (quoting *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992)).

■■ The trial court's docket and the transcript reflect that the trial on Burns's charges was continued to permit the State to pursue a writ of prohibition. The State did not pursue a writ of prohibition. " 'Generally, a remedial writ is the proper route to review interlocutory orders in a criminal case.'" *Puckett,* 146 S.W.3d at 22

---

The motion to suppress may be based upon any one or more of the following grounds:

(1) That the search and seizure were made without warrant and without lawful authority;

(2) That the warrant was improper upon its face or was illegally issued, including the issuance of a warrant without proper showing of probable cause;

(3) That the property seized was not that described in the warrant and that the officer was not otherwise lawfully privileged to seize the same;

(4) That the warrant was illegally executed by the officer;

(5) That in any other manner the search and seizure violated the rights of the movant under section 15 of article I of the Constitution of Missouri, of the fourth and fourteenth amendments of the Constitution of the United States.

(citation omitted). " 'A writ of prohibition is appropriate where there is [an] important question of law decided erroneously that would otherwise escape review.' " *State v. Moad*, 294 S.W.3d 83, 88 (Mo.App. W.D.2009) (citation omitted). Our dismissal of the State's improvidently filed appeal does not leave the State without recourse. The State remains free to seek review of the trial court's order by way of a remedial writ.[3]

Appeal dismissed.

All concur.

---

**3.** We offer no opinion as to whether a remedial writ should issue.