STATE of Missouri, Appellant,

v.

Brent D. PFLEIDERER, Respondent.

No. WD 73407.

Missouri Court of Appeals,
Western District.

June 14, 2011.

Dwight K. Scroggins, Jr., Prosecuting Attorney; Kate H. Schaefer, Assistant Prosecuting Attorney, St. Joseph, MO, Attorneys for Appellant.

Joseph A. Morrey, St. Joseph, MO, Attorney for Respondent.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, KAREN KING MITCHELL, Judge, and DONALD T. NORRIS, Special Judge.

KAREN KING MITCHELL, Judge.

The State of Missouri ("State") appeals the Circuit Court of Buchanan County's ("trial court") suppression of the blood specimen and resulting blood alcohol analysis conducted by Heartland Regional Medical Center ("Hospital") for the purposes of diagnosing and treating Brent D. Pfleiderer following a single-vehicle accident in which he was involved while operating a motorcycle. Pfleiderer's motion to suppress was granted because Hospital's collecting and testing of Pfleiderer's blood, which was not done at the request of law enforcement, was not conducted in accordance with Chapter 577 RSMo (2000). We dismiss the State's appeal.

## Factual and Procedural Background

There is very little factual record pertaining to this appeal. On or about May 29, 2010, Pfleiderer was involved in a motorcycle accident in which he sustained a head injury. Pfleiderer was taken to Hospital where he was treated for his injuries. While receiving emergency medical care, medical personnel withdrew samples of Pfleiderer's blood for routine testing. The testing included an analysis of blood alcohol content. The blood alcohol analysis was not conducted at the request of law enforcement and the treating medical personnel did not adhere to the specific procedures and safeguards required for the collection of blood for testing at the request of law enforcement set forth in Chapter 577 RSMo and the Code of State Regulations.

Pfleiderer was charged with driving while intoxicated, and at some point the State obtained the results from the blood alcohol analysis that the Hospital conducted on Pfleiderer's blood. On November 17, 2010, Pfleiderer filed a motion to suppress the blood and the blood alcohol analysis. The basis for the motion was that: (1) Hospital did not follow the requirements of Chapter 577 pertaining to the collection of samples for blood alcohol content analysis; (2) the State's taking and use of Pfleiderer's blood sample was in violation of the physician-patient privilege granted in section 491.060(5); and (3) that Pfleiderer was "searched" without probable cause.

The trial court conducted a hearing on the motion to suppress. The parties argued the legal merits of the motion but presented no evidence. The trial court granted the motion to suppress, solely on the basis that "[t]he specimen was not seized pursuant to the requirements of RSMo Chapter 577 or the Code of State

Regulations." The State appeals pursuant to section 547.200.1(3).

## Analysis

For the reasons stated in *State v. Burns*, 339 S.W.3d 570 (Mo.App. W.D. 2011), we deem the trial court's "suppression" of blood evidence an *exclusion* of the evidence based upon its application of a rule of evidence. Therefore, under section 547.200.1(3), "the State is afforded no right to seek an interlocutory appeal from the trial court's order," *id.* at 572, and we must dismiss this appeal.

Appeal dismissed.

LISA WHITE HARDWICK, Chief Judge, and DONALD T. NORRIS, Special Judge, concur.