STATE of Missouri, Appellant,

v.

Keith T. LILLY, Respondent.

No. WD 76349.

Missouri Court of Appeals,
Western District.

Oct. 1, 2013.

Devin M. Ledom, Kansas City, MO, for appellant.

Rachel L. Townsend, Raytown, MO, for respondent.

Before Division Four: JAMES E. WELSH, C.J., ALOK AHUJA, J. and JAMES P. WILLIAMS, Sp. J.

ALOK AHUJA, Judge.

Keith Lilly has been charged in the Jackson County Circuit Court with driving while intoxicated and leaving the scene of a motor vehicle accident, based on an incident which occurred at the intersection of 2nd Street and Market Street in Lee's Summit on September 16, 2011. The prosecution remains pending in the circuit court.

The State filed this interlocutory appeal pursuant to § 547.200.1,[1] to challenge the circuit court's pretrial order granting Lilly's "Motion to Suppress Evidence." Lilly's motion challenged the admissibility of certain pretrial statements he made to the police, and any evidence which was the fruit of those statements. Lilly's motion alleged that the evidence was inadmissible because the State failed to establish the *corpus delicti* of either of the offenses with which he was charged, and because Lilly was not given the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to being questioned.

Following an evidentiary hearing, the circuit court held that "all evidence in derogation of the corpus delicti rule and all statements made by Defendant to the City of Lee's Summit police officers, including all pre- and post-*Miranda* statements, are suppressed." The trial court's reference to evidence "in derogation of the corpus delicti rule," and its suppression of statements made both before *and after* Lilly received the *Miranda* warnings, make clear that the trial court's order was based on the *corpus delicti* rule, not on the alleged *Miranda* violation.

We conclude that the trial court's order, which excluded certain evidence based on the *corpus delicti* rule, is not a ruling "[s]uppressing evidence" or "[s]uppressing a confession or admission" within the meaning of §§ 547.200.1(3) or (4). Because § 547.200.1 does not authorize this interlocutory appeal, the appeal is dismissed.

## Analysis

■ "Although the parties have not raised the issue of jurisdiction, this court must address it *sua sponte*." *Maskill v. Cummins*, 397 S.W.3d 27, 31 (Mo.App. W.D.2013). " ' "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." ' " *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011) (quoting *State ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 859 (Mo. banc 2008)). "If this Court lacks jurisdiction to entertain an appeal, the appeal must be dismissed." *Walker v. Brownel*, 375 S.W.3d 259, 261 (Mo.App. E.D.2012).

In this case, the State relies solely on § 547.200.1 to establish our jurisdiction over this interlocutory appeal. Section 547.200.1 provides in relevant part:

> An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in:
>
> . . . .
>
> (3) Suppressing evidence; or
>
> (4) Suppressing a confession or admission.

■ The motion Lilly filed, and which the trial court granted, was captioned as a "Motion to Suppress Evidence." The caption of Lilly's motion is not decisive, however; "the character of a pleading is determined by its subject matter and not its designation." *State v. Moad*, 294 S.W.3d 83, 86 (Mo.App.W.D.2009) (citation and internal quotation marks omitted); *see also State v. Burns*, 339 S.W.3d 570, 572 (Mo. App.W.D.2011); *State v. Whitwell*, 215 S.W.3d 760, 761 n. 3 (Mo.App.S.D.2007).

■ Caselaw has given the term "suppressing," as used in §§ 547.200.1(3) and (4), a very specific meaning. An exclusion order is not considered to be a

1. Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, updated through the 2012 Cumulative Supplement.

"suppression" ruling "unless it has the substantive effect of suppressing evidence because the evidence was, or would be, illegally obtained." *Moad,* 294 S.W.3d at 86 (citing *State v. Eisenhouer,* 40 S.W.3d 916, 919 (Mo. banc 2001)).

> The "suppression" of evidence is not the same thing as the exclusion of evidence on the basis of some rule of evidence. Suppression is a term used for evidence which is not objectionable as violating any rule of evidence, but which has been illegally obtained.

*Burns,* 339 S.W.3d at 571 (citations and internal quotation marks omitted); *see also Whitwell,* 215 S.W.3d at 761; *State v. Puckett,* 146 S.W.3d 19, 23–24 (Mo.App. E.D.2004). "[E]vidence that is excluded ... for any ... reason not having its genesis in the argument that it was illegally obtained is not appealable by the State." *Moad,* 294 S.W.3d at 86.

▮▮▮ In this case, the trial court entered an order excluding Lilly's pretrial statements, and evidence discovered as a result of those statements, based on the State's failure to establish the *corpus delicti* for the charged offenses. "The term 'corpus delicti' is Latin for 'body of the crime.' The term is used in the context of criminal law to describe the prosecutor's burden of proving that a crime was committed by *someone,* independent from a defendant's extrajudicial statements." *State v. Madorie,* 156 S.W.3d 351, 353–54 (Mo. banc 2005) (citation omitted); *see also, e.g., State v. Edwards,* 116 S.W.3d 511, 544–45 (Mo. banc 2003).

> Extrajudicial admissions or statements of the defendant are not admissible in the absence of independent proof of the commission of an offense, i.e. the corpus delicti. Evidence, however, that the defendant was the criminal agent is not required before the defendant's statement or confession is admitted. In addition, absolute proof independent of his statement or confession that a crime was committed is not required. All that is required is evidence of circumstances tending to prove the corpus delicti corresponding with the confession. *Slight corroborating facts* are sufficient to establish the corpus delicti. The determination of whether there is sufficient independent evidence of the corpus delicti of an offense is fact specific and requires a case-by-case evaluation.

*Madorie,* 156 S.W.3d at 355 (citations and internal quotation marks omitted); *see also, e.g., State v. Pennell,* 399 S.W.3d 81, 89 (Mo.App.E.D.2013); *State v. Cannafax,* 344 S.W.3d 279, 286 (Mo.App.S.D.2011); *State v. Pratte,* 345 S.W.3d 357, 360–61 (Mo.App.S.D.2011); *State v. Daggett,* 170 S.W.3d 35, 43–44 (Mo.App.S.D.2005); *State v. Miller,* 139 S.W.3d 632, 637–38 (Mo.App. S.D.2004).

▮▮▮ The *corpus delicti* rule establishes foundational requirements for the admission of a defendant's extrajudicial statements at trial: unless the State introduces "slight corroborating facts" tending to show that a crime was committed, independent of the defendant's pretrial statements, those statements are not admissible. As prior decisions have recognized, " '[t]he *corpus delicti* rule is essentially evidentiary in nature because it determines whether the defendant's confession of guilt may be considered substantive evidence of guilt.' " *Cannafax,* 344 S.W.3d at 286 (quoting *Miller,* 139 S.W.3d at 637); *see also Pratte,* 345 S.W.3d at 360. Because application of the *corpus delicti* rule does not depend on whether evidence was *illegally obtained,* a trial court's ruling excluding evidence under the *corpus delicti* rule does not "suppress" evidence, and such a ruling is not subject to interlocutory appeal under §§ 547.200.1(3) or (4).

Prior cases have held that similar evidentiary rulings are not subject to interlocutory appeal under § 547.200.1. *See, e.g., Burns,* 339 S.W.3d 570 (exclusion of drug tests of defendant's blood and urine, based on prosecution's failure to establish that tests were conducted in accordance with State regulations); *Moad,* 294 S.W.3d 83 (exclusion of evidence based on State's failure to fully respond to defendant's discovery requests); *Whitwell,* 215 S.W.3d 760 (exclusion of identification of defendant, based on conclusion that pretrial identification procedures were unduly suggestive); *Puckett,* 146 S.W.3d 19 (exclusion of evidence based on State's pretrial destruction of evidence without complying with statutory procedures). The challenged ruling in this case is indistinguishable from the rulings challenged in these other cases, and the same result—dismissal of the appeal—must obtain.

■ Despite our dismissal, the State is not left without an avenue to seek review of the trial court's evidentiary ruling.

"Generally, a remedial writ is the proper route to review interlocutory orders in a criminal case." ... Our dismissal of the State's improvidently filed appeal does not leave the State without recourse. The State remains free to seek review of the trial court's order by way of a remedial writ.

*Burns,* 339 S.W.3d at 572–73 (quoting *Puckett,* 146 S.W.3d at 22); *see also Moad,* 294 S.W.3d at 88. We take no position on whether such a writ would or should be granted.

**2.** In defending the circuit court's ruling, Lilly relies heavily on *State v. Friesen,* 725 S.W.2d 638, 639–40 (Mo.App.W.D.1987), and *Kansas City v. Verstraete,* 481 S.W.2d 615, 616–17 (Mo.App.1972). The continuing viability of *Friesen* and *Verstraete* may be open to question based on the discussion of the scope of the *corpus delicti* rule in the cases cited in the text, and in light of the application of the

■ In addition, we note that the trial court is free to reconsider its ruling either before, or at, trial. "The trial court's order is tantamount to a ruling *in limine.* A ruling *in limine* is interlocutory only and is subject to change during the course of trial." *Burns,* 339 S.W.3d at 572 (citations and internal quotation marks omitted); *see also Whitwell,* 215 S.W.3d at 761 n. 4. Thus, there is every possibility that, upon further consideration, the trial court may yet conclude that the challenged evidence is admissible, despite its earlier order relying on the *corpus delicti* rule.[2]

### Conclusion

The appeal is dismissed.

All concur.

*corpus delicti* rule to driving while intoxicated prosecutions in cases like *Madorie,* 156 S.W.3d at 356; *State v. Tillman,* 823 S.W.2d 43, 44–45 (Mo.App.E.D.1991); *State v. Stimmel,* 800 S.W.2d 156, 158–59 (Mo.App.E.D. 1990) (cited favorably in *Madorie* ); and *State v. Johnston,* 670 S.W.2d 552, 554–55 (Mo. App.S.D.1984).