

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33492 |
| | ) | |
| COURTNEY K. THOMPSON, | ) | **Filed: April 8, 2015** |
| | ) | |
| Defendant-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Daniel W. Imhof, Associate Circuit Judge

## DISMISSED

In this case, the State appeals from a docket entry which the parties interpret as an order granting a motion to suppress evidence. However, the docket entry is so vague that it does not, in fact, have the substantive effect of suppressing evidence. Thus, we dismiss the appeal for lack of appellate jurisdiction.

## Factual and Procedural Background

On September 28, 2013, at about 2:30 in the morning, Courtney K. Thompson ("Defendant") was operating a passenger vehicle on Kansas Expressway in Springfield, Missouri. Officer Andrew Webb ("Officer Webb") stopped Defendant's vehicle, and ultimately Defendant was charged with driving

while intoxicated and failure to drive on the right half of the roadway. *See* §§ 304.015, 577.010, RSMo Cum. Supp. (2014).

Defendant filed a motion to suppress all the evidence obtained after the traffic stop, arguing "[t]he initial stop was made without probable cause, and without legal justification." At the hearing on the motion to suppress, the evidence consisted of Officer Webb's testimony and the video recording from the dash cam from Officer Webb's patrol car. Officer Webb testified that when he first observed Defendant's vehicle the tires of the car had crossed into the other lane of travel. The video did not show the tires crossing into the other lane of travel. The parties vigorously disputed whether the evidence supported the conclusion that Defendant's vehicle entered the other lane of travel so as to provide justification for the traffic stop.

The trial judge took the matter under advisement and later made a docket entry regarding the motion to suppress. That docket entry stated:

> After reviewing the video, the court is unable to tell if [Defendant's] tires cross over into the inside lane of traffic, but that if they did — and the court does find the deputy credible at least in his belief that this happened — the movement of the vehicle was minor enough that the court believes suppressing the evidence for inadequate probable cause is consistent [with] the cases supplied by defense counsel — in evaluating whether [Defendant's] driving was "erratic", [sic] the court also notes there was no other traffic close to [Defendant][.]

The State appealed.

## Discussion

"Although the parties have not raised the issue of jurisdiction, this [C]ourt must address it *sua sponte*." **State v. Lilly**, 410 S.W.3d 699, 701 (Mo. App. W.D. 2013) (quoting **Maskill v. Cummins**, 397 S.W.3d 27, 31 (Mo. App. W.D.

2

2013)).  Moreover, "[t]he right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists."  *Id.* (quoting *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011)).  Here, the State brings the appeal pursuant to Section 547.200 which provides, in relevant part, that "[a]n appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in . . . [s]uppressing evidence[.]"  § 547.200.1(3), RSMo (2000).  This statutory provision has been narrowly construed.  *See, e.g.*, *State v. Eisenhouer*, 40 S.W.3d 916, 919 (Mo. banc 2001) ("The mere exclusion of evidence based on a rule of evidence does not have the substantive effect of a motion to suppress.");  *Lilly*, 410 S.W.3d at 702 (dismissing an appeal for lack of jurisdiction where the trial court's order had the effect of excluding rather than suppressing evidence).

In the present case, the docket entry from which the State appeals does not have the substantive effect of suppressing evidence because it is too vague.  The trial court's docket entry discusses Officer Webb's testimony, but its conclusion with respect to that issue is unclear.  The State suggests the trial court's entry is a general finding that Officer Webb was credible.  However, the trial court's precise language—"the court does find the deputy credible *at least in his belief* that this happened" (emphasis added)—suggests another meaning.  The italicized qualification can also suggest the trial court found Officer Webb was mistaken in Officer Webb's honest belief that Defendant's tires crossed the center line.  The additional statements in the docket entry do not provide any further clarification.  The trial court simply discusses the case citations provided by Defendant's attorney without making a definitive ruling regarding the motion to suppress.

Rather, the trial court merely says suppression of the evidence would be "consistent" with those cases. The trial court never makes a final determination of whether to suppress or not suppress the evidence. Thus the docket entry appears to be merely a record of the trial court's as yet incomplete thought process regarding the motion to suppress. To find that this docket entry had the substantive effect of suppressing or not suppressing evidence would require this Court to supply language that simply is not contained in the docket entry.

The trial court's docket entry does not meet the requirements for an interlocutory appeal pursuant to Section 547.200.1(3), RSMo (2000). Where there is no statutory authority for an appeal, this Court lacks jurisdiction to consider the appeal. *See **Lilly***, 410 S.W.3d at 701. "If this Court lacks jurisdiction to entertain an appeal, the appeal must be dismissed." ***Id.*** (quoting ***Walker v. Brownel***, 375 S.W.3d 259, 261 (Mo. App. E.D. 2012)).

## Conclusion

The appeal is dismissed.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

DON E. BURRELL, J. – CONCURS

4