

# In the Missouri Court of Appeals
# Eastern District

## WRIT DIVISION SIX

| | |
|---|---|
| STATE OF MISSOURI, ex rel.<br>MATTHEW BECKER,<br>Franklin County Prosecuting Attorney,<br><br>      Relator,<br><br>vs.<br><br>THE HONORABLE I. I. LAMKE,<br>Circuit Judge, Division II,<br>Twentieth Judicial Circuit,<br>401 East Main Street<br>Union, Missouri 63084,<br><br>      Respondent. | No. ED107981<br><br><br><br>Writ of Prohibition<br>Circuit Court of Franklin County<br>Cause No. 15AB-CR00641<br><br><br><br><br><br><br><br><br>Filed: July 23, 2019 |

Matthew Becker, the prosecuting attorney for Franklin County ("Relator"), filed a petition for writ of prohibition seeking to prohibit the Honorable I. I. Lamke ("Respondent") from enforcing a pre-trial order issued in the underlying criminal action against Douglas Summers ("Defendant"), which would require the State to produce a memorandum summarizing the corpus delicti evidence the State intends to use to support the charge against Defendant. This Court issued a Preliminary Order in Prohibition. Our Preliminary Order in Prohibition is made permanent.

I.     BACKGROUND

A.     **The Underlying Action**

Respondent is presiding over the underlying criminal action against Defendant, which is denominated 15AB-CR00641. Pursuant to a grand jury indictment filed on April 2, 2015, Defendant was charged with one count of first-degree statutory rape and one count of first-degree statutory sodomy.[1] Defendant waived formal arraignment.

On December 11, 2018, Respondent set Defendant's case for jury trial on July 24, 2019 and issued a pre-trial order. On May 31, 2019, Respondent issued a revised pre-trial order ("the May 31 revised pre-trial order" or "revised pre-trial order"), which directed the State to submit a memorandum "stating the corpus delicti of the charge(s) and identify those corroborating circumstances, independent of the confession, which the State contends can be considered with any confession, and which together with any confession establishes the corpus delicti." The State filed a motion to amend the preceding order on June 12, 2019, to which Defendant consented. Respondent denied the motion to amend on June 20, 2019. Thereafter, Respondent issued an additional order stating, "Defendant may file any motion in limine Defendant deems appropriate to exclude the confession of Defendant on or before July 8[.]" In response to Respondent's orders, Defendant filed a notice specifically waiving any motions in limine relating to the adequacy of the State's corpus delicti evidence and reserving such objections for trial if necessary.

B.     **The Instant Writ Proceeding**

Relator, acting on behalf of the State, subsequently filed the instant petition for writ of prohibition seeking to prohibit Respondent from enforcing the portion of his May 31 revised pre-trial order that directs the State to produce a memorandum summarizing the corpus delicti evidence

---

[1] The State subsequently entered an order of nolle prosequi as to Defendant's first-degree statutory rape charge.

the State intends to use to support the charge against Defendant. Relator's petition alleges compliance with Respondent's order would result in disclosure of the State's trial strategy and production of privileged matters of work product. Relator's petition further argues that if the State was required to produce the materials covered by the May 31 revised pre-trial order, Defendant would be given an unfair tactical advantage at trial resulting in irreparable harm to the State. Notably, Defendant filed an answer consenting to issuance of the writ of prohibition.

Respondent subsequently filed an answer with suggestions in opposition. We issued a Preliminary Order in Prohibition, which ordered Respondent to refrain from taking any action in the underlying criminal case until further notice.

## II. DISCUSSION

### A. This Court's Authority to Issue a Writ of Prohibition in this Case

Pursuant to the Missouri Constitution, our Court has jurisdiction to issue original remedial writs, including the extraordinary, discretionary writ of prohibition. Mo. Const. art. V, sec. 4.1; *State ex rel. Cullen v. Harrell*, 567 S.W.3d 633, 637 (Mo. banc 2019); *Ballard v. Siwak*, 521 S.W.3d 296, 300 (Mo. App. E.D. 2017). The issuance of a writ of prohibition is appropriate:

> (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*Cullen*, 567 S.W.3d at 637 (quotations omitted); *see also Ballard*, 521 S.W.3d at 300. We may issue a writ of prohibition under circumstances where a relator may suffer irreparable harm due to discovery that would not be adequately remedied on appeal. *State ex rel. Blue Cross and Blue Shield of Missouri v. Anderson*, 897 S.W.2d 167, 169 (Mo. App. S.D. 1995).

3

**B.      General Law Relating to the Corpus Delicti Rule**

In the context of criminal law, the term "corpus delicti" describes the State's burden of proving that a criminal offense was committed by someone, independent of extrajudicial statements made by a defendant. *State v. Lilly*, 410 S.W.3d 699, 702 (Mo. App. W.D. 2013) (citing *State v. Madorie*, 156 S.W.3d 351, 353-54 (Mo. banc 2005)). Essentially a rule of evidence, the corpus delicti rule establishes foundational requirements that must be satisfied in order for a defendant's extrajudicial statement to be admitted at trial. *Lilly*, 410 S.W.3d at 702. Under the rule, the State is not allowed to introduce a defendant's extrajudicial statement unless the State presents independent proof of circumstances tending to show a crime was committed by someone. *Id.* (citing *Madorie*, 156 S.W.3d at 355); *State v. Cannafax*, 344 S.W.3d 279, 286 (Mo. App. S.D. 2011). The State is not required to present absolute proof of the offense, nor is the State obligated to introduce independent evidence showing the defendant committed the crime. *Id.* The corpus delicti rule is satisfied when the State presents "slight corroborating facts" to support the confession. *Id.* (emphasis omitted). Furthermore, the evidence presented as to the corpus delicti does not have to be admitted prior to the admission of the defendant's statement, so long as the essential elements of the offense are proven by the end of trial. *State v. Pennell*, 399 S.W.3d 81, 89 (Mo. App. E.D. 2013); *Cannafax*, 344 S.W.3d at 286.

**C.      Whether the Relevant Portion of Respondent's May 31 Revised Pre-Trial Order was Improper**

The portion of the May 31 revised pre-trial order at issue in this writ proceeding provided in relevant part, "[The] State shall file . . . a memorandum stating the corpus delicti of the charge(s) and identify those corroborating circumstances, independent of the confession, which the State contends can be considered with any confession, and which together with any confession establishes the corpus delicti." At this point in our discussion, we find it necessary to explain the

4

peculiar positions of the parties with respect to the propriety of the preceding order. When Respondent issued the foregoing order, the State filed a motion to amend arguing the order would require the disclosure of the State's privileged work product and would violate Missouri Supreme Court Rule 25.10(a).[2] Although Defendant consented to the State's motion to amend, Respondent denied the motion. Relator, acting on behalf of the State, then filed the petition for writ of prohibition giving rise to the instant proceedings. Defendant once again agrees with Relator, as he filed an answer consenting to issuance of the writ of prohibition.

Respondent, on the other hand, filed an answer along with suggestions in opposition to issuance of the writ of prohibition. *Inter alia*, Respondent argues the relevant portion of his May 31 revised pre-trial order was within a trial court's authority to issue pre-trial orders and hold pre-trial conferences "to consider such matters as will promote a fair and expeditious trial." *See* Rule 24.12. While Respondent contends a motion to exclude Defendant's extrajudicial statement based on the corpus delicti rule is an issue "that may be raised by motion in limine prior to trial and also may be raised at trial," he does not allege and the parties' conduct does not suggest the corpus delicti rule is a contested issue in the underlying criminal action. Defendant's specific waiver of any motions in limine relating to the adequacy of the State's corpus delicti evidence confirms the matter will not be raised in a motion in limine prior to trial.

Moreover, the corpus delicti rule is admittedly a low standard. *See State v. Courtois*, No. SD35427, 2019 WL 2590789 at *3 n.5 (Mo. App. S.D. June 25, 2019) (case mandated on July 11, 2019); *see also generally Madorie*, 156 S.W.3d at 355 and *Lilly*, 410 S.W.3d at 702 and *Cannafax*, 344 S.W.3d at 286 (the State is only required to present "slight corroborating facts" to support the defendant's statement in order to satisfy the corpus delicti rule) (emphasis omitted). Corpus delicti

---

[2] All further references to Rules are to Missouri Supreme Court Rules (2019), which was the version of the rules in effect at the time Respondent entered his revised pre-trial order on May 31, 2019.

evidence does not have to be admitted prior to admission of Defendant's extrajudicial statement, so long as the essential elements of the offense are proven by the end of trial. *See Pennell*, 399 S.W.3d at 89; *Cannafax*, 344 S.W.3d at 286. Thus, even if Defendant objected to the admission of his statement on the basis of the corpus delicti rule, we find it is speculative at this point to presume the issue would affect the fairness and/or expediency of the trial. *See* Rule 24.12.

Additionally, we find Rule 24.12 does not assist Respondent under the preceding circumstances in light of Relator's arguments relating to Rule 25.10(a) and the work product doctrine. We agree that the State's opinions, theories, and conclusions, including mental impressions and conclusions about the corpus delicti evidence supporting Defendant's charge, are privileged work product and thus not subject to disclosure. *See id.*; *State v. Antwine*, 743 S.W.2d 51, 67 (Mo. banc 1987); *see also State v. Wolfe*, 344 S.W.3d 822, 835-36 (Mo. App. S.D. 2011) and *State v. Crespo*, 664 S.W.2d 548, 553 (Mo. App. E.D. 1983) (collectively finding a prosecutor's opinions about the worth, meaning, or significance of evidence are not subject to disclosure). For this reason, and because the State would suffer irreparable harm if it were required to comply with Respondent's May 31 revised pre-trial order, a writ of prohibition is appropriate in this case. *See Cullen*, 567 S.W.3d at 637; *Ballard*, 521 S.W.3d at 300; *see also State ex rel. Collom v. Fulton*, 528 S.W.3d 42, 43 (Mo. App. S.D. 2017) (prohibition is appropriate when the trial court abuses its discretion in issuing an order relating to discovery that exceeds its authority); *Anderson*, 897 S.W.2d at 169 (prohibition is appropriate where a relator may suffer irreparable harm due to discovery).

### III. CONCLUSION

The Preliminary Order in Prohibition is made permanent. Respondent is hereby prohibited from enforcing the portion of his May 31 revised pre-trial order requiring the State to produce a memorandum summarizing the corpus delicti evidence the State intends to use to support the charges against Defendant.

_____
ROBERT M. CLAYTON III, Presiding Judge

Roy L. Richter, J., and
Gary M. Gaertner, Jr., J., concur.